SECOND NATIONAL BANK OF WASHINGTON, D. C., *Appellant,* v. JOSEPH A. RICHTER and EVA RICHTER, his wife, DAVE BASS and EQUITABLE FINANCE & REALTY CORPORATION, a Florida Corporation, *Appellees.*

148 So. 517.
Division B.
Opinion filed May 13, 1933.

*Mitchell D. Price* and *Charles W. Zaring* and *Robert S. Florence,* for Appellant;

*Herbert U. Feibleman,* for Appellees.

BUFORD, J.—In this case it appears that appellant procured a judgment in a court of competent jurisdiction in Washington, D. C.

On the 8th day of June, 1929, the appellant filed its law action in the Circuit Court of Dade County, based on the foregoing judgment. Before judgment in the law action in Florida, appellant on the 28th day of April, 1930, filed its Creditor's Bill in the Circuit Court to subject certain property to the payment of the debt and to have decreed the property to be held in trust by the holders of the legal title for the sole use of the defendant debtor. It was alleged that the debtor was the holder and owner of the entire beneficial interest in and to such property.

The Creditor's Bill was filed, as stated, on April 28th, 1930. Process was issued April 30th, 1930, and was served May 3rd. Defendant appeared and moved to dismiss the bill insofar as it involved the real estate therein described, making all necessary allegations to show that the property had become his homestead and had acquired its homestead character prior to the institution of the suit; that before the institution of the suit by creditor's bill the defendant had openly and notoriously commenced the construction of a residence on the property the construction of which he fairly, openly and publicly watched and supervised. There appeared from the beginning of such construction erected on the lot a large sign reading,

"J. A. RICHTER
RESIDENCE & GARAGE

FRANK WYATT WOODS    J. BETTERIDGE.CO., INC.
Architect        Contractors
Miami         Miami,"

that the residence constructed thereon was completed on April 30th, 1930, and that he, with his family, on that day began to actually occupy the same as a homestead and that the legal title passed to him thereafter, but before motion to dismiss was filed; and that he was the head of a family residing in this State entitled to claim the benefit of homestead exceptions. See Milton v. Milton, 63 Fla. 533, 58 Sou. 718.

As it appears from the record that appellee was entitled to the benefit of homestead exemption and that the property involved had acquired its homestead status and character under the law (as enunciated by this Court in the case of First National Bank of Chipley v. Peel, which opinion was filed December 15th, 1932, and reported in 145 Sou. 177), before judgment was obtained in the Florida Court and before Creditor's Bill was filed the order treating the motion to dismiss as a plea and sustaining the same on motion to strike and the subsequent final decree were without error, it becomes unnecessary to discuss other questions presented by the record.

Orders and decree affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.