W. T. Heddon, *et ux.,* v. J. B. Jones, *et ux.*

154 So. 891.
Opinion Filed May 23, 1934.

*T. C. Cork,* for Appellant;
*George F. Westbrook,* for Appellees.

Davis, C. J.—Appellant made a loan of $6,000.00 to appellee, taking as security a mortgage on certain described property. Appellee, however, did not mortgage the parcel of grove land which forms the basis of this suit. In fact, at the time the $6,000.00 loan was made, appellee did not have title to it, although in was under a purchase money mortgage to him. Appellant's $6,000.00 mortgage was not paid at maturity. So he brought suit on the $6,000.000 in notes and obtained judgment thereon without reference to the security of his mortgage. Shortly after the suit at law on the notes was begun appellee, who had in the meantime acquired the title to the above mentioned grove property upon which he previously only held a purchase money mortgage, moved on to it as his homestead. The appellant asserted by bill in chancery filed in the court below, that he did so for the express purpose of defrauding the appellant by acquiring a homestead right in the property before appellant could reduce his $6,000.00 debt to judgment. The Chancellor found for the appellee on the law and the facts and dismissed the bill. This appeal is from the final decree.

The law in this State is conclusively settled to the effect that a homestead owned and actually occupied and used as

a home by the head of a family in this State, prior to and at the time of the entry of a judgment at law against the homestead owner, is exempt from forced sale under the judgment, although after the institution of the suit at law but prior to rendition of judgment in the suit, the defendant in the suit moved on to the homestead property for the express purpose of impressing it with a homestead character before judgment in the suit could be rendered against him. First Natl. Bank of Chipley v. Peel, 107 Fla. 413, 145 Sou. Rep. 177; Second Natl. Bank of Washington, D. C., v. Richter, 110 Fla. 237, 148 Sou. Rep. 517.

In the case at bar the homestead claimant was living upon property owned by him in the Town of Clermont when he gave his notes. Thereafter he moved from his home in Clermont to the grove property which was levied on and sought to be subjected to appellant's judgment which was not obtained until after appellee's homestead status in the grove property had attached to it. The mere institution of the suit at law was not sufficient to create a lien on the grove property. Appellant might have had the grove property attached and a lien impressed thereon prior to the judgment, but did not undertake to do so, hence no lien was brought into existence except the lien of judgment which could not attach to property that had already attained a status as a homestead.

The fact that the appellee may have moved on the homestead property prior to judgment for the express purpose of "homesteading" it is not legal fraud which *per se* affords ground for holding the homestead claim subordinate to the lien of a judgment rendered in a suit pending prior to the time the homestead character attached. Nor is it material that the property later claimed as a homestead was held out as a possible asset upon which credit was obtained before the homestead attempt was perfected.

Such contingencies as are involved in this case can be guarded against by either taking an express written lien on the unencumbered property at the time the credit is extended, or by beginning a suit and levying an attachment on the land to impress on it an attachment lien in anticipation of the defendant's attempt to dispose of his property by putting out of his creditor's reach before a judgment lien can be perfected on it in order to satisfy the debt.

We find no error, so the decree is affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.