414 So.2d 561 (1982)
Alfred R. GRASS and Vera Grass, Appellants,
v.
GREAT AMERICAN BANK OF NORTH MIAMI BEACH, Appellee.
No. 81-1823.
District Court of Appeal of Florida, Third District.
April 27, 1982.
Rehearing Denied June 17, 1982.
Harold A. Turtletaub, Miami, for appellants.
Ullman & Ullman and Michael W. Ullman, North Miami Beach, for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
Alfred Grass and his mother, Vera, appeal from a final judgment which voids a transfer from Alfred Grass to his mother of his 50% undivided interest in a residential property which he and his mother had previously owned as joint tenants and allows *562 Great American Bank to levy upon the property. We reverse upon a holding that the property in question was homestead and, therefore, not subject to execution. Fla. Const. art. 10, § 4(a).
The property in question was purchased in early 1976 by Alfred Grass from funds supplied by his mother, but titled in his name alone. In September, 1976, Alfred Grass reconveyed the property to himself and his mother, creating a joint tenancy. Thereafter, an application for homestead exemption was made for each succeeding year. In November, 1977, Alfred Grass signed an unlimited guarantee in favor of Great American Bank, securing certain obligations of Grayson Electronics. The guarantee application did not reflect the joint tenancy or Mrs. Grass's presence in Florida. She was, however, scheduled elsewhere in the guarantee application as a dependent. The unlimited guarantee contains no language limiting the guarantor's ability to dispose of any scheduled asset. In March, 1979, and prior to default on the guarantee, Alfred Grass, by quit-claim deed, conveyed his undivided one-half interest in the real estate to his mother. Great American Bank obtained a final judgment in its favor against Alfred Grass in May, 1980. Supplementary proceedings followed thereafter, resulting in the order under review.
The trial court found that there was a material reliance on the part of Great American Bank with regard to the financial data supplied by Mr. Grass. It further found that the financial statement was false at the time it was prepared, or in error. (Emphasis added). There being no conclusive showing that the creation of the homestead was a fraud upon Great American Bank, the order under review must be reversed.
It is not material that the property was held out as a possible asset at the same time homestead was being perfected. Heddon v. Jones, 115 Fla. 19, 154 So. 891 (Fla. 1934). Nor does there appear sufficient evidence to establish fraud or reprehensible conduct. Clutter Construction Corporation v. Clutter, 173 So.2d 761 (Fla. 3d DCA 1965). This is particularly true where the trial court did not conclusively find the financial data to be false, but could have been merely an error. Alfred Grass's subsequent conveyance of his interest in the homestead cannot be fraud upon Great American Bank since the property was beyond the reach of Great American Bank due to its homestead character, which was clearly established prior to entry of any judgment against Mr. Grass. Heddon, supra; Volpitta v. Fields, 369 So.2d 367 (Fla. 4th DCA 1979), cert. denied, 379 So.2d 204 (Fla. 1979).
For the reasons previously expressed, we reverse and remand to the trial court with directions to vacate the judgment under review. We find Great American Bank's cross appeal to be without merit.
Reversed and remanded with directions.