In re Richard A. **ROBINETT,** Barbara D. Robinett, Debtors.

Jeanette **TAVORMINA,** Trustee, Plaintiff,

v.

Barbara D. **ROBINETT,** and Barbara D. Robinett, Personal Representative of the Estate of Richard A. Robinett, and First National Bank of Crystal Lake, Defendants.

Bankruptcy No. 84–01793–BKC–TCB.

Adv. No. 85–0013–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Feb. 21, 1985.

Thomas R. Lehman, Friedman & Lehman, P.A., Miami, Fla., for Trustee.

Jeanette E. Tavormina, Trustee.

Edward R. Miller, Naples, Fla., for debtor/defendant.

Alan Rauh Orschel, Crowley, Barrett & Karaba, Chicago, Ill., for First Nat. Bank of Crystal Lake.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee in this chapter 7 case seeks avoidance of two transfers involving property of the estate: (1) The conveyance on March 12, 1984, within a year before bankruptcy, by the debtor/wife to both of them as tenants by the entireties of a condominium in Collier County, and (2) the recordation on October 15, 1984, after the date of bankruptcy by a Chicago bank of an Illinois judgment obtained two months earlier against the debtors in the amount of $45,-000.

The voidability under 11 U.S.C. § 549 of the second transfer has not been contested and will be the subject of a separate judgment.

The voidability of the first transfer is contested by the debtors and was tried before me on February 14. It is undisputed that title to the condominium was in the wife before the transfer and that she received nothing in exchange for the transfer, although the value of the condominium exceeded the amount of all liens against the property by at least $24,000. Both debtors were insolvent at the time the transfer occurred. Therefore, the trustee has carried her burden of proving each of the elements required to avoid "any transfer of an interest of the debtor in property" under § 548(a)(2).

It is the debtors' contention, and the trustee agrees, that if the property in question was exempt from the claims of creditors on the date of the transfer, § 548(a) is not applicable, because the transfer of exempt property cannot adversely affect any creditor and, therefore, cannot be a fraudulent transfer. I agree. *Walker v. Treadwell (Matter of Treadwell)*, 699 F.2d 1050, 1051 (11th Cir.1983). The debtor contends that the condominium was exempt under Article X, § 4(a), Florida Constitution:

"There shall be exempt from forced sale ... the following property *owned by the head of a family:* (1) a homestead ..." (Emphasis added).

It is undisputed that the parties had been married many years, that the condominium was purchased during the marriage from funds earned by and brought into the marriage solely by the husband, who had been

the only breadwinner during the marriage. It is admitted that he was the head of the family at the time of the transfer. The sole question, therefore, is whether he also owned the property.

 It has long been the settled rule in Florida that for the purposes of the homestead exemption, it is enough if the head of the family has any beneficial interest in the property. It is not necessary that he hold any legal title to the property:

"There is no question that Gamble was the head of a family and that his contributions to his wife's separate property gave him an equitable interest on the basis of which he could claim his homestead exemption. It was not essential that he hold the legal title to the land." *Bessemer Properties, Inc. v. Gamble* [158 Fla. 38] 27 So.2d 832, 833 (Fla.1946).

Although the Florida Constitution has been amended since that decision, the amendment made no significant change in the provision in question here and the *Bessemer* case remains applicable today. *Nationwide Financial Corp. of Colorado v. Thompson*, 400 So.2d 559, 561 (Fla.Dist.Ct. App.1981).

The trustee does not dispute the holding in *Bessemer*, but argues that because the initial payments and all payments since then have been made from a joint checking account in the names of the debtor/husband and wife, our case is distinguishable from the facts in *Bessemer*. The trustee relies on *De Jonge v. Wayne*, 76 So.2d 273, 274–75 (Fla.1954), where the title to the property in question was in the wife from a prior marriage. The husband made ten mortgage payments after the marriage. The court held that the husband who was the head of the family was not the owner of the property for the purposes of the homestead exemption from the claims of creditors. In distinguishing *Bessemer*, the court said:

"In that case the husband had purchased the land and had the deed executed to his wife. The wife made no contribution of any kind to the acquisition of the property. *She had not received the property as a gift from her husband.*" (emphasis added).

From the foregoing comment, the trustee argues that the fact that the purchase funds came from a joint banking account establishes that the condominium was a gift from her husband and that she in fact made a contribution to the acquisition of the property.

 I disagree. In this case as was the case in *Bessemer*, the husband/head of the family made contributions to his wife's separate property which gave him an equitable interest on the basis of which he could claim his homestead exemption.

It follows, that the complaint as to Counts 1, 2 and 3 must be dismissed with prejudice and as is required by B.R. 9021(a), a separate judgment will be entered to that effect. Costs may be taxed on motion.

It should be noted, parenthetically, that the recent amendment of the Florida Constitution which took effect on January 8, 1985, and which substantially altered the Constitutional provision in question here, is not applicable in this case.