**In re Ralph SHORT, Debtor.**

**Arthur J. MALONE, Plaintiff,**

v.

**Ralph SHORT, Defendant.**

**Bankruptcy No. 94–8669–8G7.
Adv. No. 94–749.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 19, 1995.

Mary E. Webber, Brandon, FL, for Plaintiff.

Brian Almengual, Tampa, FL, for Defendant.

## ORDER ON MOTION TO DISMISS

PAUL M. GLENN, Bankruptcy Judge.

**THIS ADVERSARY PROCEEDING** came on for hearing on the Motion to Dismiss filed by Ralph Short (the "Debtor"). Arthur J. Malone, the Plaintiff, filed a two count Complaint. Count I seeks to avoid a transfer of an interest of the Debtor in property pursuant to 11 U.S.C. § 544(b) and § 548. Count II seeks denial of the discharge, pursuant to 11 U.S.C. § 727(a)(2), because of the same transfer of property by the Debtor. The Debtor has moved to dismiss the Complaint.

For the purpose of a motion to dismiss, the allegations in the complaint must be accepted as true and the allegations should be construed favorably to the pleader. *See In re Southeast Banking Corporation v. Bassett,* 855 F.Supp. 353 (S.D.Fla.1994); *In re Servico, Inc.,* 144 B.R. 557 (Bankr.S.D.Fla. 1992).

The Plaintiff alleges that on March 16, 1994, he obtained a judgment against the Debtor in state court for $19,538.39. After the judgment, the Debtor transferred his interest in his home from joint ownership with his wife to sole ownership by his wife. The Debtor subsequently filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code on September 7, 1994. The Plaintiff alleges that the transfer was made with the actual intent to hinder, delay, or defraud creditors.

The Debtor moves to dismiss claiming that the Plaintiff has failed to state a cause of action. The Debtor asserts that he cannot defraud creditors when the property transferred was exempt homestead property which is beyond the reach of all creditors, and that the transfer cannot hinder, delay or defraud creditors since the property was and remains the Debtor's homestead.

The Plaintiff seeks to avoid a transfer of property by the Debtor under § 544(b) and § 548(a)(1). Under § 544(b), the Plaintiff as-

serts that it may avoid transfers which are avoidable under applicable law:

> (b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b). Applicable law has consistently been held to include state law. *In re Davis*, 138 B.R. 106 (Bankr.M.D.Fla.1992). The applicable law that the Plaintiff seeks to apply in this proceeding is § 726.105 Fla. Stat., which provides:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
>> (a) With the actual intent to hinder, delay, or defraud any creditor of the debtor....

Fla.Stat. § 726.105 (1987).

The Plaintiff also seeks to avoid the transfer on the basis of § 548(a)(1), which states:

> (a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
>> (1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor has or became, on or after the date that such transfer was made or such obligation was incurred, indebted....

11 U.S.C. § 548(a)(1).

In addition to avoiding the transfer, the Plaintiff requests that the discharge be denied pursuant to § 727(a)(2) for the same intent to hinder, delay, or defraud:

> (a) The court shall grant the debtor a discharge, unless—
>
>> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be, transferred, removed, destroyed, mutilated, or concealed.

11 U.S.C. § 727(a)(2). For the Plaintiff to prevail under any of these three statutes, the Plaintiff must show actual intent to hinder, delay, or defraud any creditor of the debtor.

The transfer that the Plaintiff seeks to avoid, and upon which the Plaintiff bases the objection to the discharge, involves the homestead property of the Debtor. Approximately nine months prior to the time the Debtor filed a voluntary petition for relief pursuant to Chapter 7, he transferred his interest in his homestead, which at that time he held jointly [1] with his wife, to his wife. The Plaintiff alleges, and for the purpose of a motion to dismiss the Court accepts as true, the fact that the transfer was made with the intent to hinder, delay or defraud the Debtor's creditors. The parties acknowledge that the property was the Debtor's homestead at the time of the transfer, and was his homestead at the time the petition was filed.

■ Florida law is clear. Since a homestead is exempt from the claims of creditors in Florida, its disposition cannot be the result of an intent to defraud creditors, because the creditors would have had no claim to the property whether it was transferred or not. *See Rigby v. Middlebrooks*, 135 So. 563 (Fla. 1931) (As to exempt property there are no creditors within the meaning of statutes prohibiting the conveyance of property in fraud of creditors, and as homesteads are exempt from execution, a creditor acquires no rights in regard thereto); *Sponholtz v. Sponholtz*, 180 So.2d 497 (3rd D.C.A.1965) (Since homestead property is not subject to the attacks of creditors there can be no fraud connected with this transfer). Accordingly, the trans-

---

1. Whether the property was held jointly, as the complaint alleges, or by the entireties, which is usually the form of ownership of real property by married people in Florida, is not material to this opinion.

fer cannot be avoided by § 544(b) which allows a trustee to avoid a transfer that is voidable under applicable non-bankruptcy law, because the transfer is not voidable under applicable non-bankruptcy law.

 Further, the transfer cannot be avoided under § 548(a)(1). In the case of *In the Matter of Weis,* 92 B.R. 816 (Bankr.W.D.Wis. 1988), the debtor transferred his interest in his homestead to his spouse. The trustee commenced an adversary proceeding against the debtor's wife to recover as either a preference or as a fraudulent conveyance the value of the prepetition transfer of the debtor's interest in his homestead. Following the reasoning of the Seventh Circuit Court of Appeals in the case of *In re Agnew,* 818 F.2d 1284 (7th Cir.1987) (because the debtor's interest in his homestead was exempt from execution under state law, the prepetition transfer was not a transfer with actual intent to defraud creditors because the creditor could never have had a claim to the asset in the first place), the court held that because the property was exempt under state law at the time of transfer, the transfer could not be avoided as having been made with the intent to hinder, delay or defraud creditors pursuant to § 548(a)(1). *In the Matter of Weis,* 92 B.R. at 823. In this case, it is undisputed that the homestead was exempt under state law at the time of the transfer. Therefore, as a matter of law, the transfer cannot be avoided as having been made with the intent to hinder, delay, or defraud creditors pursuant to § 548(a)(1).

 Finally, for the same reasons that the transfer cannot be avoided, the discharge cannot be denied pursuant to § 727(a)(2). *See In re Agnew, supra.* To justify the refusal of discharge under § 727(a)(2), it must be shown that there was an actual transfer of valuable property belonging to the debtor which reduced the assets available to the creditors and which was made with fraudulent intent. *Id.,* at 1289. In *Agnew,* the property transferred was exempt and not available to creditors and, therefore, the discharge could not be denied because the creditors never had a claim to the asset in the first place. *Id.* The same is true in this case. The property transferred was exempt and the Plaintiff never had a claim to the asset. The Debtor never abandoned his homestead exemption, and he did not claim any other property as exempt homestead on his schedules.

Accordingly, for the reasons stated above, the motion should be granted and this adversary proceeding should be dismissed.

Therefore,

**IT IS ORDERED** that the Motion to Dismiss filed by Ralph Short is granted and this adversary proceeding is dismissed.