**In re Joseph John FORNABAIO, Debtor.**

**Soneet R. KAPILA, Trustee, Plaintiff,**

**v.**

**Joseph John FORNABAIO and Phyllis Fornabaio, Defendants.**

**Bankruptcy No. 95–30296–BKC–SHF.
Adv. No. 95–0632–BKC–SHF–A.**

United States Bankruptcy Court, S.D. Florida.

Oct. 13, 1995.

Michael Bakst, Ackerman, Bakst & Cloyd, P.A., West Palm Beach, Florida, for Trustee.

Sabrina Weiss, English, McCaughan & O'Bryan, Fort Lauderdale, Florida, for Defendants.

### ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court July 12, 1995, for hearing on the amended motion of the Defendants, Joseph and Phyllis Fornabaio (the "Defendants"), to dismiss this adversary proceeding and/or grant summary judgment. The Chapter 7 Trustee, Soneet Kapila (the "Trustee"), filed a two count complaint against the Defendants seeking to deny the Debtor his discharge under 11 U.S.C. § 727(a)(2)(A) and to avoid a fraudulent transfer pursuant to 11 U.S.C. § 548. Having considered the argument of counsel, the submitted memoranda of law and for the reasons set forth below, the Court grants summary judgment in favor of the Defendants and denies summary judgment in favor of the Trustee.

The undisputed facts relevant to this case are that on November 7, 1994, the Debtor executed a Quit Claim Deed to his homestead property in favor of his non-debtor wife. The transfer became effective on November 9, 1994, with the recording of the Quit Claim Deed. On February 1, 1995, the Debtor filed bankruptcy.

In Count I of the complaint the Trustee contends that the Debtor transferred the property with the intent to hinder, delay or defraud his creditors, and that accordingly, his discharge should be denied pursuant to Section 727(a)(2)(A). This provision precludes the grant of a discharge in favor of a debtor if—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition ...

In response, the Debtor and his wife assert that the transfer by the Debtor of his interest in the subject property cannot, as a matter of law, be deemed fraudulent, since the property constituted the Debtor's homestead on the date of the transfer. Although the Bankruptcy Code contains exemption provisions under 11 U.S.C. § 522, the State of

Florida has opted out from application of the federal exemptions, pursuant to 11 U.S.C. § 522(b)(1) and Florida Statute § 222.201. It is not disputed that prior to the Debtor's transfer to his wife, the property at issue constituted the homestead of the Debtor and was exempt under Florida law from the reach of his creditors.

■ Florida's homestead provisions are generally to be given a liberal construction to protect the state's residents. *Beall v. Pinckney*, 150 F.2d 467 (5th Cir.1945); *Bessemer Properties v. Gamble*, 158 Fla. 38, 27 So.2d 832 (1946). Thus, it has been held that a judgment debtor's conveyance of his undivided one-half interest in his homestead to his mother to avoid the claim of a judgment creditor could not be fraudulent, since his property interest was beyond the creditor's reach, due to his homestead character. *Grass v. Great American Bank of North Miami Beach*, 414 So.2d 561 (Fla. 3rd DCA 1982). Real property occupied by a debtor as his primary resident is sufficient to support a claim of homestead exemption. *In re Wainsztein*, 116 B.R. 300 (Bankr.S.D.Fla. 1990). In the instant case, had the debtor not transferred his interest in his homestead to his wife, trustee would be unable to challenge the debtor's claim of exemption. Thus, any transfer by the Debtor of his homestead cannot be with the intent to hinder, delay, or defraud creditors. *See In re Treiber*, 92 B.R. 930 (Bankr.N.D.Okla.1988). The Debtor's discharge will not be denied.

■ The Trustee also seeks to have the transfer of the property to the Debtor's wife avoided as a fraudulent transfer pursuant to Section 548 of the Bankruptcy Code. There is no dispute that the Debtor transferred the property for less than a reasonably equivalent value. Nor is there any dispute that the Debtor was insolvent at the time of the transfer. The Defendants contend that pursuant to Florida law homestead property cannot be fraudulently transferred. The Defendants cite to *Volpitta v. Fields*, 369 So.2d 367 (Fla. 4th DCA 1979) to support their position. The Trustee does not dispute that under Florida law homestead property cannot be fraudulently transferred. Rather, the Trustee argues that Federal law and not Florida law is controlling in this case.

There are divergent views regarding whether transfers of exemptible property can be avoided by trustees. The Court in the *Matter of Wickstrom*, 113 B.R. 339 (Bankr. W.D.Mich.1990), analyzed the various cases. The court noted that there were some courts that took the "no harm, no foul" approach. *See, In re Treiber*, 92 B.R. 930 (Bankr. N.D.Okla.1988). In *Treiber* the court would not permit the trustee to avoid the transfer because absent the transfer, creditors could not have reached the property. The court also noted the approach taken by the court in *Matter of Weis*, 92 B.R. 816 (Bankr.W.D.Wis. 1988) which found as a matter of law that the trustee could not prove that the transfer of exemptible property was made with the actual intent to hinder, delay or defraud creditors. An earlier decision in this district, *In re Robinett*, 47 B.R. 591 (Bankr.S.D.Fla. 1985), followed what the Court in *Wickstrom* calls the "no harm, no foul" approach. In that case, Judge Britton stated "if the property in question was exempt from the claims of creditors on the date of the transfer, § 548(a) is not applicable, because the transfer of exempt property cannot adversely affect any creditor and, therefore, cannot be a fraudulent transfer." *Id.* at 592. The *Wickstrom* court disagreed with these cases and their approaches and concluded that the trustee could seek to avoid transfers of exemptible property and that—

> [n]o valid basis exists to mandate disparate results solely depending upon the type of exempt property voluntarily transferred by a debtor. . . . Rather, the correct focus . . . should be directed to whether the trustee is able to prove *all* requisite elements with respect to an asserted avoidance action.

*Id.* at 351 (emphasis in original). This Court disagrees with reasoning of *Wickstrom*. The Bankruptcy Code was not enacted to penalize debtors for filing bankruptcy. Under Florida law, creditors would not be able to reach the Debtors' property. By following the Trustee's argument and the decision in *Wickstrom*, this Court would in effect penalize the

Debtors for an otherwise legal action. Accordingly, it is

ORDERED that the Defendants' motion to dismiss and/or for summary judgment is granted.