**In re Joseph G. TRUJILLO and Toni Trujillo, Debtors.**

**Joseph G. TRUJILLO, Toni Trujillo, Gilbert Eugene Trujillo, and Valerie N. Aquino, Appellants,**

**v.**

**Tom R. GRIMMETT, Chapter 7 Trustee, Appellee.**

BAP No. NV–96–1800–HMeR.
Bankruptcy No. 95–21958 LBR.
Adversary No. 95–2269 LBR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 19, 1997.

Decided Sept. 17, 1997.

William L. McGimsey, Las Vegas, NV, for Appellants.

Lenard E. Schwartzer, Hale, Lane, Peek, Dennison & Howard, Las Vegas, NV, for Appellee.

Before HAGAN, MYERS and RUSSELL, Bankruptcy Judges.

### OPINION

HAGAN, Bankruptcy Judge.

## INTRODUCTION

Joseph G. Trujillo and Toni Trujillo (hereinafter "Debtors"), Gilbert Trujillo ("Gilbert") and Valerie Aquino ("Aquino") appeal an amended judgment avoiding fraudulent transfers of the Debtors' home and two automobiles to Gilbert and Aquino. The action was brought by the chapter 7 Trustee who appears as Appellee. We AFFIRM.

## FACTS

In 1991 the Debtors bought a house ("1159 Little Sidnee Drive") in Las Vegas, Nevada. Debtor Joseph Trujillo ("Joseph") borrowed $20,000 of his wife's savings to invest in business ventures. On November 15, 1993, the Debtors defaulted in payment of a promissory note to a creditor, Richard Hart. In April 1994, the Debtors entered into a stipu-

lated judgment with Richard Hart. This judgment was entered on August 8, 1994.

In May of 1994, purportedly as security to his wife for the $20,000 loan, Joseph transferred the title to his Cadillac automobile to his son Gilbert. Joseph instructed Gilbert to hold the title in trust until the loan was repaid. No consideration was given for the transfer of title to the vehicle. Later, the Debtors transferred to Gilbert the titles of two more vehicles, a Pontiac and a Volkswagen, purportedly to obtain a group insurance rate. These two vehicles were also transferred without consideration. The Debtors retained possession and control of all three vehicles.

On or about August 22, 1994, the Debtors deeded, by a quitclaim deed, their house to their daughter, Valerie Aquino. The transfer of the house was purportedly done to obtain a loan with Aquino's credit because Joseph's outstanding debts prevented him from obtaining credit in his own name. No consideration was given to the Debtors for the transfer of the house. Debtors retained both possession and control of the house.

On May 16, 1995, within one year of transferring the vehicles and deeding the house, the Debtors filed a petition for relief under chapter 7 of the Bankruptcy Code.[1] The Debtors claimed exemptions in the transferred house and vehicles. The Trustee filed a complaint for fraudulent conveyance, denial of discharge against the Debtors, and sought recovery of fraudulently conveyed property from Gilbert and Aquino, pursuant to sections 548(a)(1), 550, and 727(a)(2). The Trustee sought recovery of the transferred property and to move the court to disallow the Debtors' claimed exemptions in the property.

On March 12, 1996, the bankruptcy court found the Debtors fraudulently conveyed the vehicles and the house under section 548(a)(2) and denied the Debtors' exemptions of those items. The court did not find the Debtors had conveyed the house and the vehicles with intent to hinder, delay or defraud the creditors under section 727(a)(2), as the Trustee had claimed. On May 15, 1996, judgment was entered granting the Trustee the right to recover the house and the full value of the vehicles.

On May 28, 1996, the Debtors filed a motion "to alter and amend judgment granting trustee right to recover property and to modify order granting objection to homestead exemption claim." In this motion, Debtors argued the house had not been fraudulently conveyed because the deed was never delivered to their daughter, and that the Trustee had already recovered the value of the vehicles in a separate adversary proceeding against a creditor, Richard Hart.[2] On July 16, 1996, an order on the motion to alter and amend judgment was entered ("order") which declared the Trustee was entitled to recover both the house and the value of the vehicles less the portion already recovered from Richard Hart. Pursuant to the order, an amended judgment granting the Trustee the right to recover the property was entered on August 7, 1996 ("amended judgment"). The amended judgment clarified the prior Judgment and provided:

[T]he Judgment Granting Trustee Right to Recover Property be, and the same is hereby amended as follows:

IT IS HEREBY ORDERED that the Plaintiff, Tom Grimmett, Trustee, is entitled to recover for the bankruptcy estate the Debtors' residence located at 1159 Little Sidnee Drive, Las Vegas, Nevada 89123; and it is further

ORDERED that the Plaintiff is entitled to recover from Joseph Trujillo, Toni Trujillo and Gilbert Trujillo the sum of $3,897.69.

1. Unless otherwise indicated, all references to "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") 1001–9036, which make applicable certain Federal Rules of Civil Procedure.

2. Prior to the Debtors filing for bankruptcy relief, creditor Richard Hart executed on the Debtors' three vehicles, pursuant to an earlier stipulated judgment between Hart and the Debtors. Later, the Trustee filed an adversary proceeding against Mr. Hart alleging the execution on the vehicles constituted a preferential transfer. The Trustee and Mr. Hart entered a settlement whereby Mr. Hart paid the bankruptcy estate $4,102.31.

On August 19, 1996, the Debtors and Gilbert and Aquino (collectively "Appellants") timely appealed the amended judgment.

## ISSUES ON APPEAL

Did the court err in determining Debtors fraudulently transferred the house and the vehicles.

## STANDARD OF REVIEW

■ The determination of a fraudulent transfer and the denial of exemption, based on undisputed facts, are conclusions of law and are reviewed de novo. *Wiget v. Nielsen (In re Nielsen)*, 197 B.R. 665, 667 (9th Cir. BAP 1996). We review a bankruptcy court's findings of fact for clear error. *City National Bank v. Chabot (In re Chabot)*, 992 F.2d 891, 893 (9th Cir.1993).

## DISCUSSION

■ As a preliminary matter we note the Debtors have not appealed the denial of their exemptions, only the amended judgment which found that the property had been fraudulently conveyed.[3]

The Debtors do contend, however, that the property was never effectively transferred, because the Debtors retained what they maintain is a beneficial interest in the property, and they are still entitled to their exemptions. They alleged the beneficial interest was the Debtors' continued use and possession of the property. The Appellants also argue the transfers of the property were not avoidable under section 548(a) because no harm was incurred by the creditors since the property would have been exempt had it not been transferred. Lastly, the Appellants argue there can be no fraudulent conveyance of exempt property.

## I.

Section 548(a)(2) sets forth the avoidance powers of a bankruptcy trustee as they relate to fraudulent transfers of a debtor's interest in property. It provides, in relevant part:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(2) (A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as result of such transfer or obligation.... 11 U.S.C. § 548(a)(2).[4]

To avoid a transfer under section 548 four elements must be satisfied: (1) the debtor must have an interest in the property, (2) the debtor must have been insolvent at the time of the transfer or become insolvent as a result of the transfer, (3) the transfer must have occurred within one year of the bankruptcy filing, and (4) the debtor must have received less than a reasonably equivalent value for the transfer. *MacDonald v. Tack (In re MacDonald)*, 164 B.R. 325, 328 (Bankr.C.D.Cal.1994).

■ The court found the Debtors transferred property in which they had an interest for less than equivalent value and at a time when they were insolvent. The court further held pursuant to section 522(g) that the Debtors were not entitled to exemptions for either the value of the cars or the equity in the house because the Debtors voluntarily conveyed them.

The Debtors' argue they retained an interest in the property because transferring bare legal title is insufficient to constitute a "transfer" under the Code. Section 101 defines "transfer" very broadly as:

---

**3.** As transferors of the property, the Debtors do not have standing to appeal this issue. *See Haux v. Gerson (In re Gerson)*, 35 B.R. 129, 130 (9th Cir. BAP 1983); *see also Quarre v. Saylor (In re Saylor)*, 178 B.R. 209, 213–214 (9th Cir. BAP 1995). However, since the Debtors allege the property was never transferred at all because they retained beneficial title to the property, they are entitled to standing to appeal this limited issue.

**4.** Transferred property recovered by the Trustee is preserved for the benefit of the estate pursuant to section 551.

[E]very mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption.

11 U.S.C. § 101(54). The legislative history confirms the broadness of the term "transfer":

[A] transfer is a disposition of an interest in property. The definition is as broad as possible. Many of the potentially limited words in current law are deleted, and the language is simplified. Under this definition, any transfer of an interest in property is a transfer, including a transfer of possession, custody, or control even if there is no transfer to title, because possession, custody, and control are interests in property.

*Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1282 (9th Cir.1996) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 27 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5813). By the making, and recording, of the quitclaim deed to the house and the transfer of the titles to the vehicles, transfers under section 548 clearly occurred.

■ The Debtors further argue they possessed "equitable title" to the vehicles and the house through continued possession and control and therefore any transfer of legal title did not amount to a "transfer" under the Bankruptcy Code. Interests in property are determined by state law. *Wiswall v. Wallaert (In re Wallaert)*, 149 B.R. 665, 668 (Bankr.W.D.Wash.1992). The Debtors allege that under *Thompson v. Crane*, 25 Nev. 114, 58 P. 53, (1899), a holder of legal title who does not hold beneficial interest may be compelled to transfer title. Therefore, the bare legal title held by Valerie Aquino is insufficient to constitute a transfer of interest. In *Thompson*, a landowner had conveyed property by quitclaim deed, for consideration, to his daughter in 1876. At that time he had a contract for the purchase of the property from Central Pacific Railroad. In 1892, after he acquired title to that property and reconveyed it to the daughter, his creditors sought to have the second conveyance, which was

given without consideration available to pay off his debts. The court held that the first conveyance by quitclaim deed for consideration and surrender of possession "operated as a transfer of equitable title, and the subsequent transfer could not be said to have been a mere voluntary conveyance," and the daughter could have compelled the transfer in a court of equity. *Thompson*, 25 Nev. at 122. This case is not relevant to the instant case. In *Thompson*, the owner did not have title at the time of the first conveyance. Here the Debtors owned the interest in the property at the time they deeded and recorded it in their children's names. The Debtors lost title to their property through their own actions and retained no title interest following the transfer.

■ The four elements of a fraudulent transfer have been met. The Debtors had an interest in both the house and the vehicles prior to the transfers. The Debtors quitclaimed the deed to the house to Valerie and recorded it; Valerie now has marketable title in the house. Joseph transferred title to the vehicles to Gilbert; Gilbert has title to and ownership of the vehicles under state law. The Debtors were insolvent at the time they transferred the property by their own admission. The transfers occurred within one year of the filing of their chapter 7 petition. Lastly, the Debtors received nothing for these transfers, fulfilling the "less than reasonably equivalent value" requirement of section 548(a)(2).

The bankruptcy court did not err in finding that the Debtors' transfers of the vehicles and the house constituted fraudulent transfers under section 548(a)(2).

## II.

■ The Debtors do not appeal that denial of the exemptions, but instead contend that even if the transfers of the house and vehicles constituted fraudulent transfers under section 548, the transfers should not be avoided because no harm was incurred by the creditors; they would not have been able to reach exempt property had it not been transferred. Thus the Debtors urge the application of the "no harm, no foul" concept.

See *Jarboe v. Treiber (In re Treiber)*, 92 B.R. 930 (Bankr.N.D.Okla.1988) (in a preference action, the court held no creditor was injured when the entire subject matter of a preference consisted of exempt property. The court reasoned that if the property had not been conveyed the creditors would not have shared in it); *see also Kapila v. Fornabaio (In re Fornabaio)*, 187 B.R. 780 (Bankr. S.D.Fla.1995); *Kepler v. Weis (In the Matter of Weis)*, 92 B.R. 816, 823 (Bankr.W.D.Wis. 1988); *Tavormina v. Robinett (In re Robinett )* 47 B.R. 591 (Bankr.S.D.Fla.1985). *But see Lasich v. Wickstrom (In re Wickstrom)*, 113 B.R. 339 (Bankr.W.D.Mich.1990) (the bankruptcy court found the "no harm, no foul" approach undermined the fundamental policy of bankruptcy law to distribute property pro-rata to creditors. The court noted that while under the Bankruptcy Act of 1898 exempt property had not been property of the estate, all property, including that which a debtor may claim as exempt, now becomes part of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)).

This argument is directly contradicted by the Bankruptcy Code. Section 522(g) distinguishes between voluntary and involuntary transfer, and explicitly disallows the claim of exemption for property which the debtor voluntarily transferred.[5] The court found the Debtors transferred the house and vehicles voluntarily. In any case, as stated above, the court's order denying the Debtors' exemptions was not appealed and is therefore final.

Lastly, Debtors contend there can be no fraudulent conveyance of exempt property. In support of this argument, the Debtor cites to Nevada's version the Uniform Fraudulent Transfer Act, N.R.S. 112.010 et seq., for the allegation that a transfer of exempt property cannot be a fraudulent conveyance.

However, this contention presumes the Debtors were entitled to an exemption for the house and the vehicles. Since the Debtors had voluntarily transferred their property, they were no longer entitled to the exemption. *Fox v. Smoker (In re Noblit)*, 72 F.3d 757 (9th Cir.1995) (If exempt property is transferred, the debtor has, in essence, waived the exemption). The property was never "exempt property" within the meaning of either the Fraudulent Transfer Act or the Code.

## CONCLUSION

The Debtors' transfers of their real and personal property were fraudulent transfers pursuant to section 548(a)(2). We therefore affirm the decision of the bankruptcy court.

---

5. In *Hitt v. Glass (In re Glass)*, 164 B.R. 759 (9th Cir. BAP 1994), *aff'd* 60 F.3d 565 (9th Cir.1995), the Bankruptcy Appellate Panel found:

Section 522(g) ... limits the ability of a debtor to claim an exemption where the trustee has recovered property for the benefit of the estate. Under 522(g)(1), a debtor may claim an exemption where the trustee has recovered property pursuant to sections 510(c)(2), 542, 543, 550 or 553 only if the property was involuntarily transferred and the debtor did not conceal the transfer or an interest in the property.

Section 548, which governs fraudulent transfers of property, is not specifically listed in 522(g), but is incorporated through section 550(a) ... Thus, under 522(g)(1), a debtor may not exempt recovered property if the debtor voluntarily transferred such property or concealed the transfer or an interest in such property. [Citations omitted.]

*In re Glass*, 164 B.R. at 761.