**In the matter of RAJKOVIC, Douglas, Debtor.**

**Diane L. Jensen, Trustee in Bankruptcy, Plaintiff,**

**v.**

**Captiva Limousine Service, Inc., Defendant.**

**Bankruptcy No. 01–12500–9P7. Adversary No. 02–646.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Dec. 3, 2002.

Diane L. jensen, Esq., Ft. Myers, FL, for Plaintiff.

Richard Johnston, Jr., Esq., Kiesel Hughes Jaohnston, Ft. Myers, FL, for Defendant.

### *ORDER ON MOTIONS FOR SUMMARY JUDGMENT*

ALEXANDER L. PASKAY, Chief Judge.

The matters under consideration in this Chapter 7 case are two Motions for Summary Judgment, one filed by Diane Jensen (Trustee) and the other by Captiva Limousine Service, Inc. (Captiva). The Motions were filed in the above-captioned adversary proceeding commenced by the Complaint filed by the Trustee against Captiva. The claim asserted by the Trustee, in her Complaint, is based on the allegation that a transfer of $65,997.80 by Douglas Rajkovic (Debtor) within one year of the commencement of the case was fraudulent; that at the time of the transfer, the Debtor was insolvent; and the Debtor received less than reasonable value in exchange for the transfer, and in fact, the Debtor received nothing from Captiva for the transfer. Based on the foregoing, the Trustee contends that the transfer is voidable as a fraudulent transfer, pursuant to Section 548[sic] of the Code.

In due course, Captiva filed its Answer to the Complaint in which it admitted some and denied some of the allegations set forth in the Complaint. In addition, Capti-

va also asserted an affirmative defense alleging that the funds it received from the Debtor were exempt pursuant to Fla. Stat. 440.22, thus, the Trustee has no right to the funds it received from the Debtor.

■ On October 2, 2002, Captiva filed "Defendant's Motion for Summary Judgment," contending that there are no genuine issues of material fact and that it is entitled to a judgment in its favor as a matter of law. In its Motion, Captiva also alleged that the Complaint is defective since it does not join an indispensable party, namely the Debtor. This last allegation should be construed as a Motion to Dismiss which, of course, is not properly included in a Motion for Summary Judgment. Moreover, the Debtor is not an indispensable party to a fraudulent transfer suit. Therefore, it is without merit and will not be considered. Simultaneously with the filing of its Motion for Summary Judgment, Captiva filed a Motion to Take Judicial Notice. In its Motion, Captiva requested that this Court take judicial notice of the facts contained in a Stipulation filed in Adv. Pro. No. 01–744, where the Trustee filed a Complaint against the Debtor challenging the Debtor's right to a discharge.

On October 7, 2002, the Trustee also filed "Plaintiff's Motion for Summary Judgment." In her Motion, while she concedes that based on a Stipulation of the facts with Captiva there are indeed no genuine issues of material fact, she contends that she is entitled to a judgment in her favor as a matter of law.

The following facts are indeed without dispute and as set forth in the Stipulation filed by the parties is as follows:

On July 3, 2001, the Debtor filed his voluntary Petition for Relief under Chapter 7, and Ms. Jensen was appointed as Trustee for the Debtor's estate. On December 8, 2000, the Debtor received $100,000 as a settlement of his Worker's Compensation claim. He failed to disclose his entitlement on his Statement of Financial Affairs (SOFA). On January 22 or 23, 2001, the Debtor transferred the sum of $65,997.80 to Captiva. It is further stipulated that the funds received were used to purchase a 2000 Krystal Koach Limousine. The funds transferred were from the Workers' Compensation claim settlement.

Captiva was incorporated by the Debtor on October 30, 2001, and each of the Debtor's four children were issued 10 percent and the Debtor and his wife received 30 percent of the shares in Captiva. None of the children, or the Debtor's wife gave any consideration for the shares they received. The limousine is titled in the name of Captiva, and there are no liens recorded on the title certificate issued to Captiva. The Stipulation also established the authenticity of certain documents relevant to the facts set forth in the Stipulation and the fact that the Debtor was represented by counsel in his Chapter 7 Case.

In support of her Motion, the Trustee contends that "there is no exception in the Bankruptcy Code under 11 U.S.C. Section 548 which provides that Plaintiff must prove a fraudulent transfer excludes from its scope transfers from of potentially exemptible assets." She also refers to a comment by this Court in the adversary proceeding filed by her against the Debtor, "that the transfer, which was made by the Debtor, could have certainly warranted the conclusion that it was fraudulent and could be avoided by the Trustee." The Trustee's reliance on the statement quoted above is misplaced and has no relevance to the immediate matter under consideration. This is so because the adversary proceeding had nothing to do with the immunity *vel non* of the proceeds of the settlement of a workman's compensation claim from

an attack to set aside the transfer of the funds as fraudulent. Thus, the observation by the Court was nothing more than dicta lacking any persuasive force concerning the issue before this Court.

▪ It is evident from to foregoing that the ultimate and the only issue relevant to the two Motions for Summary Judgment under consideration is whether the Trustee's voiding power under Section 548 can reach property which was claimable as exempt by the Debtor.

The claim of exemption of the funds in question is based on Fla. Stat. 440.22. It is beyond peradventure to say that by virtue of Section 522(b)(2)(a), Florida opted out of the specific federal exemptions and the citizens of Florida may only claim properties as exempt under the applicable local law. The settlement proceeds are claimed by the Debtor to be exempt pursuant to Fla. Stat. 440.22, which provides as follows:

**440.22. Assignment and exemption from claims of creditors.**

No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which exemption may not be waived.

▪ The term "due and payable" was construed by the Supreme Court of the State of Florida in the case of *Broward v. Jacksonville Medical Center,* 690 So.2d 589 (Fla.1997). Judge Grimes, speaking for the Supreme Court of Florida, held that the protection granted for Worker's Compensation benefits is not limited to the benefits yet to be received, but extends to the benefits actually already received, pro-

vided the funds claimed as exempt are traceable to the Worker's Compensation benefits. There is no question that the law as stated in *Broward* is the law of this State, and outside of bankruptcy, the funds in question could not have been reached by creditors of a debtor.

Unfortunately, *Broward* did not answer the question of whether or not the immunity granted to Worker's Compensation benefits extends to funds, which were allegedly fraudulently transferred and now are in the possession and control of the transferee. The Eleventh Circuit Court of Appeals was called upon to consider the immunity granted to social security benefits by Section 407 of the Social Security Act, 42 U.S.C. 407, in the case of *Walker v. Treadwell,* 699 F.2d 1050 (11th Cir.1983). *Treadwell* involved the exemption claimed under Georgia law. The Court of Appeals considered the question of whether the debtor, who elected to use Georgia exemptions, may also use Section 522(d) of the Code. The Eleventh Circuit, having analyzed the immunity claim, concluded that the debtor could have obtained the exemption granted by 42 U.S.C. § 407 but only while forsaking exemptions specified by the Bankruptcy Code and the protection granted by that Section did not intend to override the fraudulent conveyance provisions of the Federal Bankruptcy law. In light of the fact that the Eleventh Circuit in *Treadwell* held that a debtor could not rely on the immunity granted by Section 407 because he elected exemptions under applicable local law, *Treadwell* is not very helpful to furnish a satisfactory answer to the issue before this Court.

Florida courts have considered the Trustee's ability to attack and set aside a transfer of property as fraudulent, which was exempt. In the case of *In re Fornabaio,* 187 B.R. 780 (Bankr.S.D.Fla.1995), the bankruptcy court held that exempt

homestead property could not be set aside as fraudulent. Also, in the case of *In re Short,* 188 B.R. 857 (Bankr.M.D.Fla.1995), the bankruptcy court held that since the homestead in Florida is exempt of claims of creditors, a disposition of the homestead cannot be fraudulent because creditors could not have reached the property whether transferred or not.

 The principles announced by these two cases are sound and well supported by the homestead exemption, which is granted by the Constitution, Art. X, § 4. To apply the principles of *Short* and *Fornabaio, supra,* to the instant case is difficult because the immunity granted in the present instance is not by the Constitution but by a Statute. The language in *Broward, supra,* concerning the purpose of the protection granted to Worker's Compensation is helpful. The protection granted by the Statute was designed to financially assist an injured worker during the whole or at least part of his disability. He was to be safe from becoming one of the derelicts of society and the purpose of the Statute is rehabilitation of the man and not the payment of his debts. *Surace v. Danna,* 248 N.Y. 18, 161 N.E. 315 (1928).

The funds received by the Debtor in the present instance, once it was transferred to Captiva were no longer funds, which could have assisted his rehabilitation and they were not used to save him from financial distress during the term of his disability. They were used to invest in a corporation formed by him, which all the outstanding interest was owned by himself and members of his family. To permit Captiva, the recipient of the transfer, to immunize the monies it received would be a perversion of the very purpose of the Statute designed to assist an injured worker to achieve rehabilitation and not to enable a recipient of benefits to utilize the funds it received to invest in business ventures.

For the reasons stated, this Court is satisfied that since it is stipulated and it is without dispute that Captiva furnished no consideration for monies it received at the time the funds were transferred and the Debtor was insolvent when the monies were transferred, the transfer is a voidable transfer under Section 548(a)(1)(B).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Summary Judgment be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that Captiva's Motion for Summary Judgment be, and the same is hereby, denied. Captiva is hereby directed to turnover the limousine to the Trustee within thirty (30) days from the entry of this Order or a money judgment shall be entered in favor of the Trustee and against Captiva in the amount of the transfer. A separate Final Judgment shall be entered in accordance to this Order.