A. MARION MORGAN, BY HER HUSBAND AND NEXT FRIEND,
    H. E. MORGAN, *Appellant*, v. MIRA F. BAILEY, LARKIN T.
    TRULL AND HIS WIFE HANNAH J. TRULL, AND FANNIE E.
    TRULL, A SINGLE WOMAN, *Appellees*.

En Banc.

Opinion Filed June 18, 1925.

Petition for Rehearing denied July 20, 1925.

1. No homestead acquired under the Constitution of the State of
   Florida shall be reduced in area on account of its being
   subsequently included within the limits of an incorporated
   city or town without the consent of the owner.   Sec. 5, Art.
   X, Const. of Fla.

2. It is not necessary that the entire estate be vested in one
   occupying land as a homestead before such property may be
   impressed as homestead in character.   The homestead ex-
   emption under the Constitution applies to the beneficial
   interest owned by the head of the family.

3. A married man who leaves a widow or a child surviving him
   cannot lawfully make testamentary disposition of his home-
   stead, and an attempt to do so is ineffectual.

An Appeal from the Circuit Court of Putnam County:
A. V. Long, Judge.

Reversed.

*J. P. Lamb*, for Appellant;

*Hilburn & Merryday*, for Appellees.

WEST, C. J.—This appeal is from an order sustaining a
demurrer to a bill in chancery for partition of land.

The bill in substance alleges that the complainant is the adopted daughter of Lewis B. Bailey, deceased; that he left surviving him at the time of his death his widow, Mira F. Bailey, and the complainant; that he left a will by which he attempted to dispose of all the property of which he died seized, by devising $500 to complainant and devising and bequeathing the residue of his property to his widow; that at the time of his death decedent owned an undivided one-half interest in the land sought to be partitioned; that the property described was the homestead of the decedent, and that as to such property, notwithstanding the will, he died intestate.

It is not necessary at this stage of the proceeding to refer to the alleged interest of other defendants in the property.

It is alleged ''that the property above described was the homestead of the said Lewis B. Bailey and was not the subject of testamentary disposition and that the will above mentioned was and is totally void in so far as it appertains to the property above described, and that in spite of the said will, the said property descended to your oratrix, upon the death of the said Lewis B. Bailey, subject, however, to the dower interest of the said Mira F. Bailey, his widow, if she be equitably entitled to dower in the said property.

''Your oratrix further represents that although more than one year has passed since the death of the said Lewis B. Bailey, the probate of his last will and testament and the issuance of letters testamentary, letters testamentary having been issued out of and under seal of the County Judge's Court of Putnam County, Florida, on the 8th day of February, A. D. 1922, to Mira F. Bailey, the said Mira F. Bailey has not dissented from the will or any of its provisions, but on the contrary has accepted all the beneficial interest

accruing to her by reason of said will in all the other property of the said testator.

"Your oratrix further represents that the said Mira F. Bailey has not elected to take a child's part in the estate of the said Lewis B. Bailey, deceased, although more than one year has passed since the death of the said Lewis B. Bailey and the issuance of letters testamentary upon his estate.

"Your oratrix further represents that the property herein described was occupied and was the home and the place of residence of the said Lewis B. Bailey and his family, of which family he was the head, from the time that the house was built on the said property, long before the incorporation of the Town of San Mateo, in which town the said property is now located, and that said home was built for him for the occupancy of himself and family by his mother, Ann S. Bailey, and was occupied and used by him as the residence of himself and family, and that the same was his homestead long before he actually acquired record title to same, and by reason of the fact that the same was his homestead before the incorporation of the Town of San Mateo, that said incorporation did not reduce the said homestead, but that the entire tract above described remained and continued to be his homestead until the time of his death."

The prayer is for a partition of the property and that complainant be allotted the undivided interest of decedent, subject to the dower interest of his widow.

The homestead is not reduced in area without consent of the owner by reason of its being subsequently included within the limits of an incorporated city or town. Sec. 5, Art. X, Const. of Fla. Nor is it necessary that the entire estate be vested in one occupying land as a homestead before it may be impressed as homestead in character. The homestead exemptions under the Constitution apply to the

beneficial interest as owned by the head of the family. Hill v. First National Bank, 73 Fla. 1092, 75 South. Rep. 613; Brokaw v. Ogle, 170 Ill. 115, 48 N. E. Rep. 394; King v. Welborn, 83 Mich. 195, 47 N. W. Rep. 106, 9 L. R. A. 803; Clark v. Thias, 173 Mo. 628, 73 S. W. Rep. 616; Bailey v. D. R. Dunlap Merc. Co., 138 Ala. 415, 35 South. Rep. 451.

A married man who leaves a widow or a child surviving him cannot make testamentary disposition of his homestead, and where he attempts to do so, with respect to such property the will is ineffectual. Norton v. Baya, —Fla. —, 102 South. Rep. 361; Johns v. Bowden, 68 Fla. 32, 66 South. Rep. 155; Palmer v. Palmer, 47 Fla. 200, 35 South. Rep. 983.

Under the allegations of the bill proof that the interest of the decedent in the property described was the homestead of himself and family is admissible, and there was error in the order sustaining the demurrer.

The order sustaining the demurrer will be reversed.

Reversed.

WHITFIELD, TERRELL AND STRUM, J. J., concur.

## ON REHEARING.

PER CURIAM.—The allegations as to the homestead character of the property are sufficient as a basis for proofs. If under the particular facts of the case it is inequitable for the complainant, an adopted child, to claim against the testator's will and at the same time to demand or retain legacies under the will, such matters may be presented and adjudicated in further proceedings. See Palmer v. Palmer, 47 Fla. 200, text 205, 35 South. Rep. 983.

Rehearing denied.

WEST, C. J., AND WHITFIELD, TERRELL AND STRUM, J. J., concur.