D. C. Coleman, as Sheriff, *et al.*, Appellants, v. Robert R. Williams, Appellee.

200 So. 207
En Banc
Opinion Filed February 4, 1941

46

*Lilburn R. Railey,* for Appellants;

*E. F. P. Brigham,* for Appellee.

WHITFIELD, J.—This appeal is from a final decree permanently enjoining the sale of real estate decreed to be the homestead of appellee and not subject to execution sale under judgments obtained against appellee and his then wife in actions *ex delicto* against them.

The 1885 Constitution of Florida contains the following:

"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for the house, field or other labor performed on the same. The examption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a

lien upon exempted property except as provided in this article." Sec. 1, Art. X.

"The Constitution limits the homestead land area that may be exempted, but it does not define or limit the estates in land to which homestead exemption may apply, therefore in the absence of controlling provisions or principles of law to the contrary, the exemptions allowed by Section 1, Article X, may attach to any estate in land owned by the head of a family residing in this State whether it is a freehold or less estate, if the land does not exceed the designated area and it is in fact the family home place. When the estate or interest of the owner in the homestead land terminates, the homestead exemption of such owner therein necessarily ceases." Mendenez v. Rodriguez, 106 Fla. 214, text p. 221, 143 So. 223, text p. 226.

There may be homestead exemption rights in estates by the entireties subject to the wife's right of survivorship in such estates. See Mendenez v. Rodriguez, *supra.* In Stanley v. Powers, 123 Fla. 359, 166 So. 843, the property of husband and wife which was held to be subject to a judgment obtained against the husband and wife, was not shown to be exempt homestead property.

"The exemptions 'from forced sale under process of any court,' of certain homestead property 'owned by the head of a family residing in this State,' have reference to the beneficial interests as owned by the head of a family in the specified classes of property." Pasco v. Harley, headnote 9, 73 Fla. 819, 75 So. 30. See annotations, 89 A. L. R. 526; 26 Am. Jur. 37, Sec. 58.

In this case the homestead property claimed as exempt from forced judicial sale is located upon Lots 11 and 12, Block 1, in Helm's Subdivision (City of Miami), as recorded on page 61 of Plat Book 6, Public Records of Dade County, Florida. Lot 12, Block 1, was on May 3, 1937,

conveyed in fee simple title to Ada Rowena Williams, the then wife of Robert R. Williams, the claimant of the homestead exemption, with mortgage back for part of the purchase price. The house on the claimed homestead property is on Lot 12, Block 1; and adjoining Lot 11, Block 1, is claimed and shown to be used as a part of the homestead property.

The mortgage was discharged. It was shown and not negatived that the purchase money for Lot 12 was paid by Robert R. Williams, the lot to be used as the family homestead, though the title was taken in the name of his then wife; and that the purchase price of Lot 11 was paid by Robert R. Williams, the lot to be used as a part of the family home. The entire property has been occupied and used as the home of Robert R. Williams and his family since the purchase of the lots that adjoin each other in Block 1, as described, being less than one-half acre in the city.

On February 3, 1938, Lot 11, Block 1, Helm's Subdivision, as described, was conveyed in fee simple title to Robert R. Williams and Ada Rowena Williams, his wife, and has since been occupied and used as a part of the home of Robert R. Williams and his family.

On July 21, 1938, two judgments in actions *ex delicto* were rendered against Robert R. Williams and Ada R. Williams, his wife, in the Circuit Court; and executions were issued thereon, July 28, 1938. Sales under the executions were enjoined November 7, 1938.

On November 29, 1938, a decree of the Circuit Court divorced Robert R. Williams and his wife, Ada Rowena Williams. The custody of three of the minor children of the couple was awarded to the father, Robert R. Williams, and the custody of another minor child was awarded to its

mother, Ada Rowena Williams. There is evidence that a property settlement was arranged by the divorced couple.

On December 1, 1939, Ada Rowena Williams, as a single woman, by duly executed deeds, "granted, bargained and sold" to Robert R. Williams, his heirs and assigns forever," the Lots 11 and 12, Block 1, of Helm's Subdivision as above described. The deed conveying Lot 12 contains the following:

"This Deed is given for the purpose of conveying the legal title to the above premises to Robert R. Williams, the fee simple title having been previously taken by the grantor herein in trust for the said Robert R. Williams, and the purpose of this deed is to merge the legal and equitable title in the said Robert R. Williams, the Grantee herein . . . And the said party of the first part does hereby fully warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever."

The above statement from the record clearly shows that Robert R. Williams was the beneficial owner of Lot 12, Block 1, which had been conveyed to his wife; and that Robert R. Williams had an interest in the title to Lot 11, Block 1, which gave him a homestead exemption right in Lot 11, subject to the wife's right of survivorship in the lot, when it was conveyed to the husband and wife in 1938 as above stated. After the couple were divorced, the former wife, as a single woman, conveyed both lots to her former husband; and as to Lot 12, the conveyance to the former husband stated that the beneficial ownership of the property was his and not that of his former wife to whom it was conveyed in 1937, as above stated. The conveyance of Lot 11 by the former wife to her divorced husband gave him the entire estate in Lot 11, discharged of any interest of the former wife therein. This made Robert R. Williams the sole *owner* of the beneficial interest in the two lots.

He was the head of the family living thereon with homestead exemption rights therein when the judgments were obtained in 1938. As Robert R. Williams owned a beneficial interest with homestead exemption rights in both lots, and has, with members of his family, occupied both lots, as his homestead, before and since said judgments were obtained, the sales of such lots under the judgment executions were properly enjoined on the ground that the lots constituted the homestead of Robert R. Williams and were exempt from forced sale under the Constitution of this State. Procedural irregularities, if any, in submitting evidence without express supporting averments in the pleadings, were not harmful since the evidence had relation to the issues made, were not controverted, and apparently did not violate any rule of substantive law or operate to the disadvantage or injury of any of the parties. On appeal such procedural irregularities may be immaterial, as in this case.

Affirmed.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.