**BESSEMER PROPERTIES, INCORPORATED, a corporation under the laws of the State of Delaware, v. ROBERT HOWARD GAMBLE et ux. et al.**

27 So. (2nd) 832

October 11, 1946

Rehearing denied November 26, 1946

June Term, 1946

Division A

*George. M. Powell,* for appellant.

*W. D. Jones, Jr.,* for appellee Mabel Franklin Gamble; *Walter C. Shea* and *Sears & Shea,* for appellee Robert Howard Gamble; *William H. Rogers* and *Rogers, Towers & Bailey,* for appellee Federal National Mortgage Association.

TERRELL, J.:

Appellee, Robert Howard Gamble, purchased approximately six acres of land in Duval County and had the deed executed in favor of his wife, Mildred Franklin Gamble, a free dealer. The husband subsequently constructed a home on the property and made other expenditures in the way of upkeep,

insurance and taxes. In August, 1941, appellant filed its bill of complaint in the Circuit Court, praying that said property be levied upon and sold to pay a certain judgment secured by it against Robert Howard Gamble. Gamble and his wife filed separate answers, in which the wife claimed the property as her separate property, while Gamble claimed it as his homestead, entitled to exemption from plaintiff's judgment under the Constitution.

A special master was appointed, testimony was taken and thereafter the bill was amended to conform to facts developed in the evidence. On final hearing the homestead claim of Gamble was upheld and the bill of complainant was dismissed. This appeal was prosecuted.

Appellant has argued five questions. The material ones are predicated on the dismissal of the bill in toto, while questions were pending that were not litigated: The holding that Gamble's contributions to his wife's separate property created an interest in which he was entitled to claim a homestead exemption, and was the court justified in assuming that the homestead status existed at the time of the decree appealed from.

Gamble claims his homestead on the basis of contributions to his wife's separate property. If this claim is good and legally well grounded, all of the other questions go out of the picture and it becomes unnecessary to discuss them.

It is not disputed that the parties were residing on the property; that it was in the State of Florida; that the wife was a free dealer and held title to the property, and that the husband made the contributions claimed to have been made. Some question is raised as to the continuity of the homestead, but the Chancellor settled that and we see no reason to hold him in error on that point.

It is settled law in Florida that Section 1, Article X, of the Constitution, relating to the homestead, should be liberally construed in the interest of the home, and that a homestead exemption extends to any right or interest the head of a family may hold in land. Pasco v. Harley, 73 Fla. 819, 75 So. 30; Hill v. First National Bank, 73 Fla. 1092, 75 So. 614; Milton v. Milton, 63 Fla. 533, 58 So. 718. There is no ques-

tion that Gamble was the head of a family and that his contributions to his wife's separate property gave him an equitable interest on the basis of which he could claim his homestead exemption. It was not essential that he hold the legal title to the land.

This court has also held that a one-half interest, the right of possession, or any beneficial interest in land gave the claimant a right to exempt it as his homestead. Morgan v. Bailey, 90 Fla. 47, 105 So. 143; Hill v. First National Bank, 73 Fla. 1092, 75 So. 614; Coleman v. Williams, 146 Fla. 45, 200 So. 207. It is only necessary that the homestead status attaches prior to the attachment of the creditors' lien.

This Court is committed to the doctrine that the transfer of homestead property is not a fraud on creditors. If the homestead status attached prior to proceedings to subject the property to creditors' lien, regardless of where the title is lodged, it is exempt. First National Bank of Chipley v. Peel, 107 Fla. 413, 145 So. 177; Second National Bank v. Ritcher, 110 Fla. 237, 148 So. 517; Beall v. Pickney, 150 Fed. (2nd) 467.

We have examined the cases and the questions relied on by appellant but we think the foregoing cases rule the case at bar. So the judgment appealed from is affirmed.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.