349 So.2d 223 (1977)
BARNETT BANK OF COCOA, N.A., a National Banking Corporation, Appellant,
v.
Eugene H. OSBORNE and Faye Osborne, Appellees.
No. 76-1873.
District Court of Appeal of Florida, Fourth District.
August 9, 1977.
Robert T. Westman of Stromire, Westman & Lintz, Cocoa, for appellant.
Barbara T. Taylor of Jamieson & Taylor, Cocoa Beach, for appellee-Eugene H. Osborne.
PER CURIAM.
Upon consideration of the record, briefs and the argument of counsel for the respective parties, we determine the trial court correctly ruled that the property was subject to the homestead exemption claimed by the former husband, notwithstanding the former husband and wife having been divorced and the wife entrusted by the decree with custody of the children and possession of the home. Osceola Fertilizer Co. v. Sauls, 98 Fla. 339, 123 So. 780 (1929); Daniels v. Katz, 237 So.2d 58 (Fla.3d DCA 1976).
Affirmed.
CROSS and DAUKSCH, JJ., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
I would reverse the trial court's order that the appellant, Barnett Bank of Cocoa, could not levy on the undivided one-half interest of the appellee, Eugene H. Osborne, in the real estate owned by Osborne with his former wife.
Barnett has a judgment against Eugene who is divorced from Faye Osborne but owns real estate with her as a tenancy in common. Faye was granted exclusive possession of the property in the dissolution proceedings, until her youngest child reached age 18. When Barnett attempted to levy on Eugene's interest in the land, Eugene sought and received an order protecting the property from levy as a homestead under Article X, Section 4(a), Florida Constitution. Faye does not object to the levy. The trial court found that Eugene was not the head of a family but that nevertheless since Faye Osborne was the head of a family, the homestead exemption applies to Eugene's interest.
On appeal Eugene claims the homestead exemption of his former wife extends to the entire property, his interest included. The First District has ruled directly to the contrary:
While it is not necessary that the entire estate in property be vested in one occupying land as a homestead before it may be impressed as homestead in character, the homestead exemption applies only to the beneficial interest owned by the head of a family. Morgan v. Bailey, 90 Fla. 47, *224 105 So. 143 (1925). Homestead exemption extends to any right or interest the head of a family may hold in land. Bessemer Properties, Inc. v. Gamble, 158 Fla. 38, 27 So.2d 832 (1946). Thus, Don [the former husband] is entitled to homestead exemption upon his 50% interest in the subject property, but he has no exemption in relation to Shirley's 50% interest.[1]
This court has held in a similar factual situation not involving the homestead issue:
Each of the parties, after dissolution of the marriage, owned an undivided one-half interest in the home as tenants in common. The undivided one-half interest of the appellant-husband is restricted by the right of appellee-wife, under the terms of the final judgment, to possession and occupancy of the home until the youngest child of the parties is eighteen. Subject to this restriction, appellant-husband should be able otherwise to encumber or dispose of his interest. Any purchaser of appellant-husband's undivided interest would have to take title subject to appellee-wife's right of possession, as provided in the final judgment.[2]
Here, Eugene's undivided interest in the property is subject to the exclusive possession granted Faye Osborne in the dissolution proceedings, so a purchaser at an execution sale would take subject to this restriction. But the conclusion is inescapable that if the homestead exemption only extends to the "[beneficial interest] owned by the head of a family", that Eugene's undivided one-half interest, subject to Faye's right of possession, is subject to levy just as it is subject to disposition by Eugene himself.
NOTES
[1] Tullis v. Tullis, 342 So.2d 88, 89 (Fla. 1st DCA 1977). The issue in Tullis was whether the husband, claiming homestead and occupying the land with his child, could prevent a partition of the property where the final judgment of dissolution gave neither spouse the right of possession to the property.
[2] Robinson v. Robinson, 340 So.2d 935, 936-937 (Fla. 4th DCA 1976).