**Lansing J. ROY, Trustee for the Estate of Patrice B. Beran, Plaintiff,**

v.

**FEDERAL NATIONAL MORTGAGE ASSN., Defendant.**

Bankruptcy No. 86-9043.
Admin. No. 86-00021.

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

July 28, 1987.

Lansing J. Roy, Keystone Heights, Fla., trustee.

Robert M. Foster and George L. Hudspeth, Jacksonville, Fla., for Federal Nat. Mortg. Assn.

## ORDER

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on to be heard upon the defendant's motion for summary judgment and the plaintiff's renewed motion for summary judgment. The complaint initiating these proceedings is an action by the plaintiff/trustee to avoid a fraudulent transfer of real property to the defendant pursuant to Sections 548(a)(2)(A) and 550(a) of the Bankruptcy Code.

The essential facts are not disputed. September 3, 1982, Patrice B. Beran (debtor) and her husband gave Barnett Bank of Gainesville, N.A., Inc. a mortgage and note in the amount of $52,150.00 on certain real property located in Alachua County, Florida. That same date Barnett assigned the mortgage and note to Federal National Mortgage Association (FNMA). In June of 1985, the mortgage and note fell into default and on November 1, 1985, FMNA instituted suit to foreclose. A final judgment was entered January 7, 1986, and established FNMA's lien in the amount of $56,477.10. A public sale was conducted February 11, 1986, pursuant to Section 45.-031, Florida Statutes, at which FNMA purchased the property for $1,000.00. The debtor alone filed a petition in bankruptcy February 25, 1986. In her schedules the debtor valued the real property at $52,-000.00 and listed it as exempt. Subsequently the debtor's husband filed a Chapter 7 petition and has now been joined in the instant proceeding.

Under Section 548(a)(2)(A) and (B)(i) the trustee may avoid a transfer as constructively fraudulent, notwithstanding the lack of actual intent, if he can establish: (1) the transfer was made to the defendant within one year of the filing of the petition in bankruptcy; (2) the debtor received less than reasonably equivalent value; and (3) the debtor was at the time insolvent or became insolvent due to the transfer. 11 U.S.C. §§ 548(a)(2), 548(a)(2)(B)(i) (1986).

In *Durrett v. Washington National Insurance Company*, 621 F.2d 201 (Bkrtcy. 5th Cir.1980), the Fifth Circuit Court of Appeals held that a non-judicial foreclosure sale under a deed of trust within one year of bankruptcy was a fraudulent conveyance under § 548 where the sale obtained only 57.7% of the property's fair market value. [A]lthough the definition of transfer for purposes of § 548 was later held not inclusive of a foreclosure sale, (See, *In re Madrid*, 725 F.2d 1197 (Bkrtcy. 9th Cir.1984)), the 1984 amendments to the Code lend support to the *Durrett* reasoning that a foreclosure is a transfer by specifically adding to the definition of "transfer" "involuntary transfers" and the "foreclosure of the debtor's equity of redemption." 11 U.S.C. § 101(48) (1986).] *Durrett* is the controlling case authority in both the Fifth and Eleventh Circuits. (See *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981)). The *Durrett* court stated it was "unable to locate a decision of any

district or appellate court dealing with a transfer of real property as the subject of attack under § 67(d) of the Act, which has approved the transfer for less than 70 percent of the market value of the property." *Durrett*, 621 F.2d at 203. (Section 67(d) was the precursor of Section 548 and they are indistinguishable.) This Court notes that the case of *In re Perdido Bay Country Club Estates, Inc.*, 23 B.R. 36, 40 (Bkrtcy.S.D.Fla.1982) dealing with a Florida foreclosure found *Durrett* distinguishable and thus gave it a limited application. The Court concluded that *Durrett*, although controlling, "must be applied with caution, if at all, to the Florida transfer because it involved a Texas private sale under a deed of trust rather than a public foreclosure sale." The Court in *Perdido* noted that the only authority the *Durrett* court cited for the quoted passage involved a voluntary transfer and that "there is no presently reported application of either § 67(d) or 548(a)(2) to a judicial foreclosure sale or to any public foreclosure sale." Id. at 39–40. However, given the subsequent expansion of the term "transfer" by the 1984 amendments to the Code this distinction is no longer valid. The trustee has thus satisfied the first element of a fraudulent conveyance action: the subject transfer of property took place February 11, 1986, well within the year of the debtor's petition which was filed February 25, 1986.

■ This Court does however find *Durrett* distinguishable on other grounds. In *Durrett* a third party bid the property for the exact sum necessary to liquidate the indebtedness on the property. Yet there was substantial equity in the property over and above the indebtedness. Thus the sale for only 57.7% of the property value deprived the bankruptcy estate of a significant amount of equity. In the instant case, the debtor's title to the property was subject to the mortgage of FNMA securing indebtedness in *excess* of the property value. The value of the debtor's interest was zero. The amount bid by FNMA was $1,000.00; yet FNMA received title to the property thereby satisfying its claim to that extent. For purposes of fraudulent conveyance, "value" in the context of the debtor's receipt of less than reasonably equivalent value includes "satisfaction.... of a present or antecedent debt of the debtor ..." 11 U.S.C. 548(d)(2)(A). Therefore, where the mortgagee purchases at the foreclosure sale and has failed to preserve a claim for a deficiency, the debt owed the mortgagee is satisfied by the sale and must be added to the price paid in determining whether less than reasonably equivalent value has been received.

That FNMA failed to preserve its claim for a deficiency is clear from the face of its foreclosure complaint which has been made a part of this record. This Court finds neither the state court's retention of jurisdiction nor FNMA's recent filing of a satisfaction of judgment as to the debtor contradictory in this regard. Therefore the value received by the debtor in exchange for the property, which is valued at $52,-000.00, was not the $1,000.00 bid by FNMA, but rather the satisfaction of the antecedent debt in the amount of $56,-477.19. That this is a reasonably equivalent value is indisputable. The trustee has thus failed to establish the second element of this § 548 action.

This Court need not reach the issue of collateral estoppel, upon which the *Perdido* court relied. Nor is a discussion of tenancy by entireties necessary, especially in light of the husband's filing of a Chapter 7 petition and the court order joining him in these proceedings. The Court does note however a secondary basis for denying the trustee's request for avoidance of the transfer. This property was homestead at the time of the sale. Thus, the subject real property may be claimed as exempt property by the debtor and her husband. Creditors ordinarily have no right to complain of the transfer of exempt property, since they can not be prejudiced thereby or claim that it is fraudulent with regard to them. *J.I. Kelley Company v. Pollack and Bernheimer*, 57 Fla. 459, 49 So. 934 (Fla.1909). The general rule is that there can not be a fraudulent conveyance of exempt property. This is true concerning property of any character including homesteads. *Bessemer Properties, Inc. v. Gamble*, 158 Fla. 38, 27

So.2d 832 (1946). If the transfer were avoided, the property would revert back to its pre-petition character as homestead property, exempt from the estate. Therefore, the debtor's interest in the property, exempt as homestead property, can not be the subject of a fraudulent conveyance susceptible to attack by the trustee.

It is accordingly

ORDERED AND ADJUDGED that the defendant's motion for summary judgment be, and it hereby is, granted and the plaintiff's renewed motion for summary judgment is denied.