810 So.2d 566 (2002)
SOUTHERN WALLS, INC., etc., Appellant,
v.
STILWELL CORPORATION and Andrew O. Stilwell, Appellees.
No. 5D01-1705.
District Court of Appeal of Florida, Fifth District.
March 8, 2002.
*568 Thomas H. Rydberg of The Rydberg Law Firm, P.A., Tampa, for Appellant.
Michael J. Appleton of Marlowe, Appleton & Weatherford, P.A., Winter Park, for Appellees.
SAWAYA, J.
Southern Walls, Inc. (Southern), the plaintiff below, appeals from the partial summary judgment in favor of Andrew Stilwell (Stilwell). The judgment holds that Stilwell's cooperative apartment (coop) is exempt from forced sale to satisfy a judgment obtained by Southern because the co-op qualifies for the homestead exemption provided in article X, section 4(a)(1) of the Florida Constitution.
The issue we must resolve is whether a co-op constitutes a homestead under Florida law so as to render it exempt from forced sale under article X, section 4(a)(1). Our research indicates that neither the Florida Supreme Court nor the District Courts of Appeal have resolved this specific issue. In order for this court to do so, we will discuss 1) the factual background of the instant case; 2) the homestead exemption, including the general provisions thereof, the ownership interest (the nature of the title and estate) necessary for an individual to claim the exemption, and the nature of the residence; 3) the ownership interest an individual acquires in a co-op; and 4) how the legal principles we distill from our discussion apply to the facts of the instant case.

I. Factual Background
It is not necessary to fully discuss the procedural course this case has taken to bring this issue before us. Suffice it to say that Southern initiated a breach of contract action against Stilwell and his former company, Stilwell Corporation, and ultimately obtained a judgment in its favor. With the judgment unsatisfied, Southern attempted to collect the money owed it by Stilwell. As part of that endeavor, Southern filed a motion requesting proceedings supplementary wherein it sought to have the unsatisfied execution against Stilwell's co-op enforced. The trial court allowed the proceedings supplementary. Thereafter, Stilwell filed his motion for partial summary judgment, contending that the co-op constituted his homestead and that it was exempt from forced sale. After conducting a hearing on the motions, the trial court ruled in Stilwell's favor.
Southern argues that a co-op is not homestead property that qualifies for protection under article X, section 4(a)(1) because of the rather unique way in which title to the property is held and the ownership interest an individual has in a co-op. In order to determine whether Southern is correct, we will next discuss the general provisions of the homestead exemption.

II. The Homestead Exemption

A. In General

We begin our analysis by noting that the concept of homestead will be given different meanings depending on the *569 context in which it is used. Homestead has significance in the law relating to devise and descent, taxation, and exemption from forced sale. See Snyder v. Davis, 699 So.2d 999, 1001 (Fla.1997) ("Our constitution protects Florida homesteads in three distinct ways."). For example, in Bowers v. Mozingo, 399 So.2d 492, 493 (Fla. 3d DCA 1981), the court stated:
This case is governed by Article X, Section 1, Constitution of the State of Florida (1885), which exempts a homestead from forced sale and provides that no judgment or execution shall be a lien thereon. Clearly, this is a different thing than homestead exemption, as defined for tax purposes. Doing v. Riley, 176 F.2d 449 (5th Cir.1949). Therefore, the appellee's reliance on Article X, Section 7, Constitution of the State of Florida (1885) is misplaced.
In In Re Estate of Wartels, 357 So.2d 708 (Fla.1978), the court held that a co-op is not homestead for purposes of the laws relating to devise and descent. However, in Ammerman v. Markham, 222 So.2d 423 (Fla.1969), the court held that a co-op may qualify as homestead for purposes of taxation. This dichotomy reveals that there is no definition of homestead that may be used with precision in all cases and that Wartels and Ammerman are not necessarily controlling regarding the issue of whether a co-op qualifies as homestead for purposes of exemption from forced sale under article X, section 4(a)(1). See, e.g., In re Dean, 177 B.R. 727 (Bankr.S.D.Fla. 1995) (holding that Wartels is limited to cases involving devise and descent and that it is clearly distinguishable from cases involving homestead exemption from forced sale).
In the instant case, we are concerned with the concept of homestead under the provisions of article X, section 4(a)(1), which exempts homestead property from forced sale with limited exceptions not applicable here. See Smith v. Smith, 761 So.2d 370 (Fla. 5th DCA 2000); see also Havoco of Am., Ltd. v. Hill, 790 So.2d 1018 (Fla.2001); Butterworth v. Caggiano, 605 So.2d 56 (Fla.1992); Dyer v. Beverly & Tittle, P.A., 777 So.2d 1055 (Fla. 4th DCA 2001). Thus, our focus will be limited to the homestead exemption within this context.
"[T]he purpose of the homestead exemption is to promote the stability and welfare of the state by securing to the householder a home, so that the homeowner and his or her heirs may live beyond the reach of financial misfortune and the demands of creditors who have given credit under such law." Snyder, 699 So.2d at 1002 (citation omitted). "Homestead" is broadly defined by the Florida Constitution as
[P]roperty owned by a natural person... to the extent of one hundred sixty acres of contiguous land and improvements thereon ...; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family.
Art. X, § 4(a)(1), Fla. Const. (emphasis supplied); see also Gold v. Schwartz, 774 So.2d 879 (Fla. 4th DCA 2001).
Although this definition quantifies the amount of real property that may encompass a homestead, it does not define "owned." In other words, it does not designate how title to the property is to be held and it does not limit the estate that must be owned, i.e., fee simple, life estate, or some lesser interest. Moreover, it does not define the nature of the dwelling that may constitute a "residence." This court must now interpret these terms. We undertake this task mindful that, as a matter of policy as well as construction, the Florida *570 courts have consistently held that the exemption should be liberally construed in favor of protecting the family home and those whom it was designed to protect. See Hill, 790 So.2d at 1020 (citing Milton v. Milton, 63 Fla. 533, 58 So. 718 (1912)); see also Snyder, 699 So. at 1002 (citations omitted). We begin with the concept of ownership.

B. Ownership: Title And Estate

In ascertaining the ownership interest (the nature of the title and the estate) that is necessary to claim the homestead exemption, we find guidance in decisions of rather ancient vintage which adopted the general rule that the individual claiming homestead exemption need not hold fee simple title to the property. See Bessemer Props., Inc. v. Gamble, 158 Fla. 38, 27 So.2d 832 (1946). In Coleman v. Williams, 146 Fla. 45, 200 So. 207 (1941), the court provided:
"The Constitution limits the homestead land area that may be exempted, but it does not define or limit the estates in land to which homestead exemption may apply; therefore, in the absence of controlling provisions or principles of law to the contrary, the exemptions allowed by section 1, article 10, may attach to any estate in land owned by the head of a family residing in this state, whether it is a freehold or less estate, if the land does not exceed the designated area and it is in fact the family home place."
Id. at 207 (quoting Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223 (1932) (Whitfield, J., concurring)).[1]
Thus "a one-half interest, the right of possession, or any beneficial interest in land gave the claimant a right to exempt it as his homestead" and "[i]t was not essential that he hold the legal title to the land." Bessemer Props., 27 So.2d at 833 (citing Morgan v. Bailey, 90 Fla. 47, 105 So. 143 (1925); Hill v. First Nat'l Bank, 73 Fla. 1092, 75 So. 614 (1917) (holding that a life estate interest is sufficient beneficial interest in property to qualify for homestead exemption)); see also Anemaet v. Martin-Senour Co., 114 So.2d 23 (Fla. 2d DCA 1959).
We note that for purposes of taxation of homestead property, article VII, section 6(a) of the Florida Constitution, which designates the cooperative form of ownership as homestead, provides that
[t]he real estate may be held by legal or equitable title, by the entireties, jointly, in common, as a condominium, or indirectly by stock ownership or membership representing the owner's or member's proprietary interest in a corporation owning a fee or leasehold initially in excess of ninety-eight years.
The Legislature codified these constitutional provisions in sections 196.031(1) and (2), Florida Statutes, which specifically recognize that a co-op may qualify as a homestead for purposes of taxation. See also § 196.041, Fla. Stat. (2001). Although, as we have previously indicated, homestead provisions relating to taxation do not necessarily control the determination of homestead status as it relates to the exemption from forced sale, we do find this provision of the Constitution and these *571 statutes persuasive. As the court noted in Dean:
Although the status of property as "homestead" for tax exemption purposes is not controlling, the Court finds it persuasive that the State of Florida has expressly defined co-operative apartments as homestead for ad valorem purposes.
* * *
It is inconceivable that the owner of a co-operative apartment can receive the relatively nominal benefit of the exemption for tax purposes while facting [sic] the seizure of the property by creditors. The public policy underlying the homestead exemption from forced sale is clearly more compelling than the public policy underlying the tax exemption. The homestead exemption should ensure more protection from forced sale than it receives from the tax exemption, not less as the Trustee contends.
177 B.R. at 729-30.
We conclude that a fee simple estate evidenced by a warranty deed is not essential for a co-op owner to claim the exemption. A life estate interest, for example, that gives the owner the right to use and possess a co-op as his or her residence may be sufficient. See King v. King, 652 So.2d 1199 (Fla. 4th DCA 1995) (holding that a life estate interest in a condominium qualifies for the homestead exemption from forced sale). The nature of the residence must next be determined.

C. Nature Of The Residence

The nature of the residence may take many forms. In Miami Country Day School v. Bakst, 641 So.2d 467 (Fla. 3d DCA 1994), the court noted that a dwelling for purposes of the homestead exemption may be a mobile home, modular home, a travel trailer, and even a houseboat. Florida courts have also held that a condominium qualifies as a homestead. See King.
Underlying the policy considerations embodied within the provisions of article X, section 4(a)(1), is the adage that "a man's home is his castle." Although a castle to one person may be a shanty to another, the law does not so discriminate. Thus, regardless of whether one's castle is a traditional family home or a modest cottage, whether it is a rural farmhouse or a villa by the sea, whether it floats or sits on wheels, whether it is a condominium or a co-op, it should receive the same protection under Florida law.
Therefore, in order to constitute a residence for purposes of claiming the exemption, a co-op must be a dwelling that an individual has an ownership interest in that gives him or her the right to use and occupy it as his or her place of abode. With these general principles in mind, we next must determine whether the ownership interest an individual acquires in a co-op and the nature of the dwelling qualifies it for the exemption.

III. Ownership Interest In A Co-op
Co-ops are generally governed by the Cooperative Act (Act) found in chapter 719, Florida Statutes, which contains the following definition of a co-op:
"Cooperative" means that form of ownership of real property wherein legal title is vested in a corporation or other entity and the beneficial use is evidenced by an ownership interest in the association and a lease or other muniment of title or possession granted by the association as the owner of all the cooperative property.
§ 719.103(12), Fla. Stat. (2001). Generally, when an individual purchases a co-op, he or she purchases shares in a corporation which owns the property in which the co-op *572 is situated. § 719.103, Fla. Stat. (2001); see also Wartels. Pursuant to the Act, the shares collectively constitute "[t]he document evidencing a unit owner's membership or share in the association." § 719.103(13)(b), Fla. Stat. (2001). The corporation conveys a lease to the purchaser as part of the consideration of the purchase of the shares. § 719.103(12), Fla. Stat. (2001); Wartels. This lease agreement typically gives the purchaser title and the right to exclusively possess and occupy the apartment for the life of the purchaser. § 719.103(13)(c), Fla. Stat. (2001).
A "unit" (the co-op) is defined as "a part of the cooperative property which is subject to exclusive use and possession." § 719.103(24), Fla. Stat. (2001). A "unit owner" or "owner of a unit" is defined as "the person holding a share in the cooperative association and a lease or other muniment of title or possession of a unit that is granted by the association as the owner of the cooperative property." § 719.103(25), Fla. Stat. (2001). The provisions of the Act we have cited comport with the stated purpose of the Act, which "is to give statutory recognition to the cooperative form of ownership of real property." § 719.102, Fla. Stat. (2001) (emphasis supplied).
Having discussed the general provisions of the homestead exemption and the cooperative form of ownership, we next analyze them to draw the necessary conclusions to resolve the issue before us.

IV. Analysis
Under the cooperative form of ownership, the owner receives shares in the cooperation and a long term lease as evidence of his or her title rather than a deed of conveyance. For purposes of the homestead exemption, we find that this is a distinction without a difference. What is significant is that a co-op owner owns the unit, pays valuable consideration for it, and has the right to the exclusive use and possession of it for the duration of the lease. Thus, if a life estate interest qualifies for the exemption, King; Hill, and ownership of a condominium qualifies for the exemption, King, so too should a co-op.
In sum, our analysis of the general principles embodied in the homestead exemption and the Act relating to ownership interest (title and estate) and nature of the residence, lead us to conclude that an owner of a co-op may qualify as an "owner" of a "residence" under article X, section 4(a)(1) of the Florida Constitution. In addition, consideration must be given to the co-op owner's intention to make the co-op his or her homestead and the actual use of the property as the principle residence. See Dean; Edward Leasing Corp. v. Uhlig, 652 F.Supp. 1409, 1412 (S.D.Fla.1987) (stating, "Actual `family' occupancy and the intention to continue occupying the home have been held to be the key qualifications for homestead status and the protections deriving from that status under the Florida Constitution."); see also State, Dep't of Revenue ex rel. Vickers v. Pelsey, 779 So.2d 629 (Fla. 1st DCA 2001).
In the instant case, the record reveals that when Stilwell purchased his co-op, he received a lease for life. Stilwell has continuously lived in the co-op since he purchased it in 1979 as his sole and exclusive residence and testified that he intends to remain there for the rest of his life. We, therefore, conclude that Stilwell is entitled to the protections of the homestead exemption. We find support for our decision in Dean wherein the court held that, under facts strikingly similar to the instant case, a co-op may qualify for homestead exemption pursuant to article X, section 4(a)(1). We also find support for our conclusion in the laws of myriad other states that specifically *573 include co-ops in their homestead exemption statutes.[2]
Moreover, we find in certain provisions of the Act tacit recognition by the Legislature that a co-op that is used as a residence may indeed qualify as a homestead. Section 719.103(21), Florida Statutes (2001), provides that a co-op is a "residential cooperative," as distinguished from a commercial co-op, if it is "intended for use as a private residence," and it retains its status as a residential cooperative "with respect to those units intended for use as a private residence, domicile, or homestead...," even if certain other units are intended for commercial use. (Emphasis supplied).
Accordingly, the trial court correctly ruled that Stilwell's co-op constitutes his homestead which is exempt from forced sale to satisfy Southern's judgment. There are no genuine issues of material fact, and Stilwell is entitled to a judgment as a matter of law. See Krol v. City of Orlando, 778 So.2d 490 (Fla. 5th DCA 2001).
AFFIRMED.
THOMPSON, C.J., and PALMER, J., concur.
NOTES
[1] Until 1985, the homestead exemption was limited to individuals who qualified as "head of a family." See Art. X, § 4, Fla. Const. (1983). However, in 1984, an amendment to this section of the constitution was approved which changed the term "head of a family" to "a natural person," thereby expanding the class of persons who can take advantage of the homestead provision and its protections. Public Health Trust of Dade County v. Lopez, 531 So.2d 946 (Fla.1988); see also Myers v. Lehrer, 671 So.2d 864 (Fla. 4th DCA 1996); Cain v. Cain, 549 So.2d 1161 (Fla. 4th DCA 1989).
[2] See Ariz.Rev.Stat. Ann. § 33-1101A.2. (2001); Cal. Civ. Pro.Code § 704.710(a)(6) (West 2001); 735 Ill. Comp. Stat. Ann. § 5/12-901 (West 2001); Me.Rev.Stat. Ann. tit. 14, § 4422 (West 2001); Nev.Rev.Stat. Ann. 115.005 (Michie 2001); N.C. Gen.Stat. § 1C-1601(a)(1) (2001); N.Y. Civ. Prac. Law § 5206(a)2. (McKinney 2001); S.C.Code. Ann. § 15-41-30(1) (Law.Co-op.2001); Wis. Stat. Ann. § 990.01(14) (West 2001); see also 11 U.S.C.A. § 522(d)(1) (2001).