**In re A. Steven BUONOPANE, Debtor.**

**No. 9:05–bk–15856–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 6, 2006.

Order Denying Motion to Alter or Amend
Judgment, June 1, 2006.

Edward R. Miller, Miller and Hollander, Naples, FL, for Debtor.

### ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

(Doc. No. 52)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration before this Court is a Motion for Partial Summary Judgment, filed by Diane L. Jensen, Trustee (Trustee). The Motion is filed in a contested matter which involves a challenge by the Trustee of the Debtor's right to claim the benefits of the Florida homestead exemption. The property in question was, according to the Trustee, acquired by the Debtor within 1,215 days prior to the commencement of the Chapter 7 case, thus the homestead right is governed by 11 U.S.C. § 522(p). At the hearing on the Trustee's Motion, the Trustee established the following facts, which are without dispute and, according to the Trustee, would justify the award of a Partial Summary Judgment and the determination that the Debtor's right to enjoy the homestead exemption under the State of Florida is governed by Section 522(p).

On October 23, 2000, Stephen Lee Johnson conveyed by Warranty Deed real property, Parcel Identification No. 67390860061 (the Real Property) to Kathleen F. Buonopane, as Trustee to the Todd–Rae Realty Trust. On December 28, 2004, Kathleen F. Buonopane, individually and as Trustee of the Todd–Rae Realty Trust dated July 17, 2000, and A. Steven Buonopane (the Debtor), who resides at 879 Meadowland Drive, Naples, Florida 34108, as grantors executed a Warranty Deed conveying the interest in the Real Property described above to the Debtor and his wife, Kathleen Buonopane. (Trustee's Exhibit A). It appears from the record that on July 17, 2000, the Todd–Rae Realty Trust was established indicating that the beneficiaries of the Trust were the Debtor and his wife, who are not involved in this Chapter 7 case. (Trustee's Exhibit C). On the same date, the Debtor and his wife filed a Declaration of Domicile located at the above-stated Naples residence declaring that the property is their permanent home and predominate residence and they intend to use the same regularly. *Id.*

The Debtor filed his voluntary Petition for Relief on August 10, 2005. Based on these undisputed facts, the Trustee contends that, although it is not raised in the pleading, the Debtor does not have a cognizable interest in the Real Property, thus, he is not entitled to the constitutional protection granted to individuals in Florida by Article X, Section 4 of the Florida Constitution. In opposition to the Trustee's Motion, counsel for the Debtor contends first that Section 522(p) is not applicable in the State of Florida citing *In re McNabb,* 326 B.R. 785 (Bankr.D.Ariz.2005) and, in any event, the Debtor has sufficient equitable ownership interest in the subject property which would support his homestead exemption claim.

■ Considering first the applicability of Section 522(p) of the Code as it applies to the issue which is currently before this Court, it is without dispute that the bankruptcy court in Arizona held in *McNabb,* that Section 522(p) does not apply in states which have opted-out of the federal exemp-

tions. Section 522(p) provides in part: "as a result of electing under subsection (b)(3)(A) to exempt property under State and local law, a debtor may not exempt any amount of interest that was acquired by the debtor during 1215–day period preceding the day of the filing of the petition that exceeds in the aggregate $125,000 in value. . . ." The decision of *McNabb* has been rejected by a line of bankruptcy cases which considered the identical issue, such as, *In re Kaplan,* 331 B.R. 483(Bankr.S.D.Fla.2005); *In re Virissimo,* 332 B.R. 201(Bankr.D.Nev.2005); and *In re Landahl,* 338 B.R. 920 (Bankr. M.D.Fla.). Although the courts rejecting *McNabb* used somewhat different interpretation of the term "as of a result of electing," all rejected *McNabb* and concluded that *McNabb's* interpretation of the term "as a result of electing" was inconsistent with the undisputable intent of Congress in enacting subsection (p) of Section 522 of the Code. As Judge Makell of the Bankruptcy Court of Nevada noted in the case of *In re Kane,* 336 B.R. 477, (Bankr. D.Nev. Jan.2006), the statement by the Representative, James Sensenbrenner of Wisconsin, fully supports the proposition that the provision of the Code was designed to close "the 'millionaire's mansion' loophole in the current bankruptcy code that permits corporate criminals to shield their multi-million dollar homesteads." 151 CONG. REC. H2048 (DAILY ED. Aril 14, 2005). A literal adoption of the *McNabb* principle would produce the bizarre result that Section 522(p) would not cover Florida, since Florida is where several mansion loophole abuses are alleged to have occurred, but Section 522(p) would cover Massachusetts, Minnesota and Rhode Island, none of which have unlimited exemptions. There is no known history of any widespread mansion abuses in these jurisdictions. This Court is in full agreement with the reasoning and the holding of *Kane* and is satisfied that subsection (p) of

Section 522 of the Code applies in Florida, notwithstanding the fact that, in Florida, an individual has no right to elect between a federal and state election by virtue of Fla. Stat. 222.20.

This record leaves no doubt that the Debtor acquired his interest, if he has any, in the Real Property within the 1,215 days of his Petition date. Thus, the limitation on the right of exemption would apply assuming that under applicable local law the Debtor does have an interest cognizable in law which would support a claim of exemption based on the homestead exemption as granted by Article X, Section 4 of the Florida Constitution.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Partial Summary Judgment be, and the same is hereby granted, and it is determined that Section 522(p) of the Bankruptcy Code is applicable in the State of Florida and, thus, controls the Debtor's right of exemption. It is further

ORDERED, ADJUDGED AND DECREED that the remaining issue, that is, the Debtor's right to claim the benefit of the Florida Homestead under Article X, Section IV of the Florida Constitution shall be forthwith scheduled for pretrial conference on _____, 2006, beginning at _____.m. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida, in order to prepare the issue for trial.

## ORDER ON DEBTOR'S MOTION TO ALTER OR AMEND ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

### (Doc. No. 65)

THIS IS the second occasion this Court is called upon to consider a challenge by

Diane Jensen (Trustee) of the right of the Debtor, A. Steven Buonopane, (the Debtor) to enjoy the full constitutional protection accorded to the Florida homestead by Article X, Section 4 of the Florida Constitution. On the first occasion, the Trustee contended that the property located at 879 Meadowland Drive, Naples, Florida, 34108 was acquired by the Debtor within 1,215 days prior to the commencement of his Chapter 7 case, thus the amount placed on the right to claim an unlimited immunity of the Florida homestead is now, by virtue of Section 522(p) of the Code, is limited to $125,000. In opposition to the Trustee's challenge, the Debtor contended that subsection (p) of Section 522 does not apply in the State of Florida and, therefore, it has no impact on the Debtor's right to claim the unlimited homestead exemption guaranteed by Article X, Section 4 of the Florida Constitution.

In support of this proposition, counsel for the Debtor relied on the provision in Section 522(p), which provides that the claim of exemption which could be made is, "as a result of electing." According to counsel for the Debtor, debtors in Florida do not have a right to elect between the federal and state exemption, because Florida opted-out from the right to elect between the Federal Exemptions established by Section 522(d) and the exemptions available under state law, which in Florida is limited to the exemptions available under Article X, Section 4 of the Florida Constitution and the statutory exemption, Section 222.01 et seq. of the Florida Statute. In addition, counsel for the Debtor relied on the case of In re McNabb, 326 B.R. 785 (Bankr.D.Ariz.2005). In In re McNabb, the Bankruptcy Court held that subsection (p) of Section 522 does not apply in States which opted-out because in those States the debtors do not have a right to elect between federal and state exemption.

The issue of the applicability of subsection (p) of Section 522 in opt-out States such as Florida has been extensively litigated since the decision in McNabb, and Bankruptcy Courts which considered this issue have uniformly rejected the decision of McNabb. See In re Kane, 336 B.R. 477, (Bankr.D.Nev. Jan.2006) (holding the provision of the Code was designed to close "the 'millionaire's mansion' loophole in the current bankruptcy code that permits corporate criminals to shield their multi-million dollar homesteads."), See also In re Kaplan, 331 B.R. 483(Bankr.S.D.Fla.2005); In re Virissimo, 332 B.R. 201(Bankr.D.Nev.2005); and In re Landahl, 338 B.R. 920 (Bankr.M.D.Fla.).

This Court, having considered the argument of counsel at the hearing on the Motion for Partial Summary Judgment, concluded that subsection (p) does apply in Florida, notwithstanding the language in the subsection "as a result of electing," and granted the Trustee's Motion for Partial Summary Judgment (Doc. No. 52).

█ The specific and discrete issue presently before this Court involves the Debtor's contention that, even assuming without conceding that subsection (p) does apply in Florida, whether it controls the debtor's rights to claim the unlimited exemption guaranteed by Article X, Section 4 of the Florida Constitution based on the undisputed facts of this case, which are as follows.

█ The Real Property involved in this controversy had been acquired sometime before December 28, 2004, by the Todd–Rae Realty Trust (Trust) a Trust established under the laws of the State of Massachusetts on July 17, 2000. The beneficiaries of the Trust were the Debtor and his non-debtor spouse. On December 28, 2004, Kathleen Buonopane, as Trustee of the Trust, conveyed the ownership of the

property by Warranty Deed to the Debtor and to herself, as tenancy by the entirety. On the same date, the Debtor and his wife also filed a Declaration of Domicile indicating the Real Property described above was their permanent home and their predominant residence. It is undisputed that prior to the conveyance of the Real Property on December 28, 2004, the Debtor's interest in the Trust was of a beneficiary of the Trust, which under the applicable laws of this State is sufficient to support a homestead claim. As stated in the case of *Doing v. Riley*, 176 F.2d 449 (5th Cir.1949) the Court recognized the general proposition announced by *Bessemer Properties v. Gamble*, 158 Fla. 38, 27 So.2d 832 (1946) that the right of possession or any beneficial interest in property is sufficient to claim the Florida homestead exemption. This brings to play the consideration of subsection (p)(2)(B) which provides, the limitation of the debtors' right to claim exemptions under Florida law would not apply if the interest in the current homestead was transferred from a debtors' previous principal residence, which was acquired prior to the beginning of the 1,215-day period, if the debtors' previous and current residence are both located in the same State.

■ This Court takes judicial notice of the fact that the Debtor under oath stated in his Statement of Financial Affairs, in answering question fifteen, that during July 1985 through February 2004, the Debtor resided at 150 Shawsheen Road, Andover, MA. and then he resided at 300 Lynn Shore Dr., Lynn, MA. during February 2004 through March 2005. It should be evident from the foregoing that at the time the Debtor acquired his equitable interest in the subject property the property was not his principal residence.

The Debtor filed his Petition for Relief under Chapter 7 on August 10, 2005. It is clear from this record that while the Debtor held an equitable ownership interest in the subject property located in Florida, which would have supported his homestead claim, although none was claimed. It is clear from the record that the subject property was not his principal residence until he moved to Florida sometime during March 2005 or six (6) months prior to the commencement of his Chapter 7 case.

It is evident from the foregoing that the Debtor's reliance on Section 522(p)(2)(B) is misplaced, and, therefore, the Debtor's equity in the subject property is limited to $125,000. Based on the foregoing, this Court is satisfied that the Debtor's Motion to Alter or Amend Order on Motion for Partial Summary Judgment is without merit and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Alter or Amend Order on Motion for Partial Summary Judgment (Doc. No. 65) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Debtor's Amended Claim of Exemption be, and the same is hereby, sustained.