SILBERMAN, Chief Judge.
Lawrence Geraci, Jr., as personal representative of the Estate of Mary J. Geraci, seeks review of the order determining that the deceased’s condominium is not a “homestead” exempt from forced sale under article X, section 4 of the Florida Constitution. The question before this court is whether a condominium that is subject to a long-term leasehold may qualify as a homestead to be protected from forced sale to pay the creditors of the deceased owner. We answer this question in the affirmative and, therefore, reverse the trial court’s order.
The property at issue is a condominium in the “On Top of the World” development in Pinellas County. The trial court determined that the condominium is the subject of a 100-year lease agreement from 1976, and the decedent owned the remaining term on the lease. Upon her death, the appellees filed claims against the decedent’s estate as creditors. Geraci filed a petition to determine whether, under article X, section 4(a)-(b) of the Florida Constitution, the condominium qualified as a homestead and was therefore exempt from a forced sale to pay the creditors’ claims. The trial court determined that the condominium did not qualify as a homestead because it is a leasehold and not a fee simple interest in land. Geraci challenges this ruling on appeal.
There are three contexts in which the homestead has significance in Florida law: (1) taxation, (2) exemption from forced sale, and (3) descent and devise. Snyder v. Davis, 699 So.2d 999, 1001-02 (Fla.1997). The applicable context for the homestead in this ease is the exemption from forced sale, which is set forth in article X, sections 4(a)-(b) of the Florida Constitution.
Those provisions provide as follows:
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner’s consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner’s family;
(2) personal property to the value of one thousand dollars.
(b) These exemptions shall inure to the surviving spouse or heirs of the owner.
According to these provisions, a homestead owner’s heirs are entitled to claim an exemption from its forced sale to pay creditors of the decedent owner’s estate. The question in this case is whether the leasehold interest in the condominium qualifies as a “homestead” for purposes of this exemption.
Article X, section 4(a) does not distinguish between the different kinds of ownership interests that are entitled to the homestead exemption against forced sale. In re Alexander, 346 B.R. 546, 549-50 (Bankr.M.D.Fla.2006); Cutler v. Cutler, 994 So.2d 341, 344 (Fla. 3d DCA 2008); S. Walls, Inc. v. Stilwell Corp., 810 So.2d 566, 571 (Fla. 5th DCA 2002). And the Florida Supreme Court has long since adopted the general rule that a fee simple estate is not necessary to this exemption. See Bessem *386 er Props., Inc. v. Gamble, 158 Fla. 38, 27 So.2d 832, 833 (1946); Coleman v. Williams, 146 Fla. 45, 200 So. 207, 209 (1941). In fact, “any beneficial interest in land” may entitle its owner to the exemption. Bessemer Props., Inc., 27 So.2d at 833.
In considering the exemption from forced sale, a court must instead “focus on the debtor’s intent to make the property his homestead and the debtor’s actual use of the property as his principal and primary residence.” In re Dean, 177 B.R. 727, 729 (Bankr.S.D.Fla.1995). When a lessee’s interest in a leasehold estate includes the right to use and occupy the premises for a long term and the lessee has made the residence his principal and exclusive residence, such an interest is entitled to Florida’s homestead exemption from forced sale. Id. at 729-30; see also In re McAtee, 154 B.R. 346, 348 (Bankr.N.D.Fla.1993) (finding a long-term lease to be subject to the exemption from forced sale because it constituted an interest in real property and was more than a “simple possessory interest”); S. Walls, 810 So.2d at 572 (finding a co-op to be subject to the exemption from forced sale because “a coop owner owns the unit, pays valuable consideration for it, and has the right to the exclusive use and possession of it for the duration of the lease”). This construction of the homestead exemption from forced sale is consistent with “important public policy considerations such as promoting the stability and welfare of the state by encouraging property ownership and the independence of its citizens by preserving a home where a family may live beyond the reaches of economic misfortune.” In re McAtee, 154 B.R. at 347-48.
In this case, the trial court declined to apply the homestead exemption to the condominium based on its determination that the homestead protection at issue is actually that of descent and devise. The court appeared to recognize that the condominium may qualify as homestead for purposes of the homestead exemption from forced sale but explained that, in the context of descent and devise, the supreme court has held that the property interest must be a fee simple interest in land. See In re Estate of Wartels, 357 So.2d 708, 710 (Fla.1978) (holding that a co-op is not a homestead for purposes of descent because it is not “an interest in realty”).
The trial court’s decision is erroneous because the homestead protection at issue in this case is not that of descent and devise. Article X, section 4(c)[1] prohibits the devise of the homestead if the owner is survived by a spouse or minor child. In this case, there is no question of a surviving spouse or minor child’s right to prohibit descent or devise. Instead, this case involves the application of the homestead exemption from forced sale as set forth in article X, section 4(a)(1), to satisfy the appellee creditors’ claims. Cf. Cutler, 994 So.2d at 344 (analyzing whether property held in trust that was devised to an heir constituted homestead property for purposes of determining whether it was protected from forced sale under article X, *387 section 4(a)(1)). Thus, Wartels is inappo-site, and the general rule that a fee simple estate is not necessary to the forced sale exemption applies. See Dean, 177 B.R. at 730; S. Walls, 810 So.2d at 572.
We recognize that at least two courts have refused to so distinguish Wartels. See In re Lisowski, 395 B.R. 771, 777 (Bankr.M.D.Fla.2008) (concluding that, under Wartels, the homestead exemption from forced sale applies only to improved land or real property that is owned by the debtor); Phillips v. Hirshon, 958 So.2d 425, 430 (Fla. 3d DCA 2007) (holding that a co-op did not qualify for homestead exemption for purposes of descent and devise because it was not an interest in realty under Wartels). However, we do not find the reasoning of these cases persuasive because they do not adequately reconcile the supreme court’s decision in Wartels with the court’s jurisprudence extending the exemption from forced sale to other beneficial interests in land and not limiting the exemption to a fee simple interest.
In conclusion, the trial court erred in determining that the decedent’s condominium was not a homestead for purposes of the exemption from forced sale because it was not a fee simple interest in land. Accordingly, we reverse the denial of Geraci’s petition to determine homestead status with directions for the court to afford the condominium homestead status under article X, section 4 of the Florida Constitution in relation to the creditor appellees’ claims.
Reversed and remanded.
KELLY and BLACK, JJ., Concur.

. That provision provides as follows:
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner’s spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.
See also §§ 732.401(1) (statutory homestead exemption pertaining to descent), .4015 (statutory homestead exemption pertaining to devise), Fla. Stat. (2009).